■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE H. CAUDLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered June 5, 1984, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress incriminating statements made to the police.

Ordered that the judgment is affirmed.

The defendant's contention that his statements should have been suppressed due to the prosecution's failure to supply him with proper notice of the statements pursuant to CPL 710.30 is without merit. The record demonstrates that the defendant was adequately notified of the challenged admissions well in advance of trial, and there is no suggestion that defense counsel was in any manner impeded in seeking the suppression of the statements *(see, e.g., People v Swanton,* 107 AD2d 829; *People v Costello,* 101 AD2d 244; *People v Brown,* 92 AD2d 939). Moreover, the hearing court's factual determinations and assessment of credibility are entitled to great deference on appeal *(see, People v Prochilo,* 41 NY2d 759), and we discern no basis in the record for disturbing its conclusion that the defendant made the admissions after a knowing, intelligent and voluntary waiver of his rights.

Similarly unavailing is the defendant's contention that he was denied a fair trial due to the court's *Sandoval* ruling. The record establishes that the trial court engaged in a thorough balancing of the probative value and the prejudicial effect of an inquiry into the defendant's prior felony conviction *(see, People v Williams,* 56 NY2d 236), and we perceive no abuse of discretion in the compromise ruling which it rendered *(see, e.g., People v Pavao,* 59 NY2d 282; *People v Scott,* 118 AD2d 881).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.