■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. SMITH, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: During defendant's trial on charges of sodomy, attempted rape, sexual abuse, and endangering the welfare of a child, it was error for the court to permit the examining physician to testify about the out-of-court statements made to him by the six-year-old victim relating to the various acts perpetrated on her by defendant and such error cannot be considered harmless. It was proper to allow the doctor to testify about his observations on physical examination of the child and, in response to a hypothetical question, to state that, based on his training and experience, in his opinion the child had been subjected to sexual contact in the vaginal and anal areas within the past few days. He was also competent to testify that the child used the term "doodally" to describe a penis because he had made that determination by means of the child's descriptions and by the use of pictures which she was able to point to and identify. He should not, however, have been permitted to testify as to the specific acts which the child had recounted to him. To underscore the importance of that testimony, we observe that during jury deliberations the jury returned to the courtroom to have the doctor's testimony reread and came in with a guilty verdict less than 10 minutes after that was done. There is thus a "significant probability * * * that the jury would have acquitted the defendant had it not been for the error" *(People v Crimmins,* 36 NY2d 230, 242).

Inasmuch as a new trial is necessary, we need not address whether defendant was properly adjudicated a second felony offender. We note, however, that the present record does not afford an adequate basis to make such determination. (Appeal from judgment of Steuben County Court, Finnerty, J.—sodomy, first degree, and other offenses.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.