■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND DYLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 22, 1988, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, the record indicates that the People's notice of intent pursuant to CPL 710.30 was received in a timely manner, i.e., within 15 days after arraignment (see, CPL 710.30 [2]), and gave adequate notice to the defendant that the People intended to introduce two separate statements made by the defendant to the police, i.e., a videotaped statement to an Assistant District Attorney and an oral statement to a detective. The notice of intent set forth, inter alia, the substance of the oral statement and to whom it was made, and defense counsel had a full opportunity to challenge its admissibility at the Huntley hearing. Under these circumstances, the Supreme Court properly denied that branch of the defendant's motion which was to suppress his oral statement to the police (see, People v Bennett, 56 NY2d 837; People v Caudle, 128 AD2d 629; People v Brooks, 121 AD2d 392).

Further, the court properly allowed the jury to utilize typewritten transcripts as an aid to understanding the defendant's videotaped statement. The record indicates that both the prosecutor and defense counsel viewed and listened to the defendant's videotaped statement and attested to the accuracy of the transcripts (see, People v Lubow, 29 NY2d 58; People v Carrasco, 125 AD2d 695; People v Tapia, 114 AD2d 983).

We find the defendant's remaining contentions to be unpreserved for appellate review or without merit (see, People v Thomas, 50 NY2d 467; People v Quinones, 123 AD2d 793). Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.