■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOLMES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered January 3, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree, robbery in the second degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that there was sufficient independent evidence to corroborate the testimony of the accomplice. It is sufficient if the corroborative evidence tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is telling the truth *(see, People v Glasper,* 52 NY2d 970, 971). The defendant's own statements independently established that the accomplices had participated in the criminal enterprise and that he was in the company of the accomplices prior to and after the crimes occurred *(see, People v Glasper, supra,* at 971). Moreover, the defendant's acknowledgement that he was at the scene of the crime came after he first denied being there. Presence is relevant on the issue of corroboration where the crime proceeds in an open manner so that the fact of criminality must be known to all present, or where the defendant denies his presence and that denial is proved false *(see, People v Nieto,* 97 AD2d 774, 775; *People v Deitsch,* 237 NY 300).

In addition, the evidence could reasonably be interpreted as establishing consciousness of guilt *(see, People v Glasper, supra,* at 972). The independent evidence showed that the defen-

dant gave a false alibi to the police, changing his story a number of times. He took a taxi to Mount Vernon and a second taxi to Yonkers while he claimed to be unaware, at that time, that a robbery had occurred. The defendant also conceded that he shared in the proceeds of the crime *(see, People v Tillotson,* 63 NY2d 731). Furthermore, all of the evidence dovetailed with the accomplice's account of the evening's events and " 'so harmonize[d] with the accomplice's narrative as to have a tendency to furnish the necessary connection between the defendant and the crime' " *(People v Daniels,* 37 NY2d 624, 629). Cumulatively, these items were sufficient to satisfy the statutory requirement of corroboration *(see, People v Glasper, supra,* at 972; *People v Hudson,* 51 NY2d 233).

We also find that the defendant was afforded proper notice pursuant to CPL 710.30 of the prosecution's intent to use at trial the statements made by him to the police giving conflicting accounts of his whereabouts on the night of the crime. The notice contained the sum and substance of the challenged statements and adequately provided the defendant with an opportunity to contest their voluntariness *(see, People v Bennett,* 56 NY2d 837; *People v Miller,* 154 AD2d 717). It is clear that the defendant received notice of the People's intention to introduce his statements into evidence against him. Based on that notice the defendant actually moved to suppress. Having made such a motion, he can not be heard to argue that the notice was not sufficiently specific *(see,* CPL 710.30 [3]; *cf., People v Amparo,* 73 NY2d 728).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.