■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LAPORTE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered March 19, 1991, upon a verdict convicting defendant of the crime of rape in the third degree.

On the evening of May 5, 1990, the victim, then a 15-year-old junior at Beekmantown Central High School in the Town of Beekmantown, Clinton County, attended her junior prom at the local Elk's Club. The victim left the prom at approximately 12:00 A.M., after which she and five of her girlfriends changed their clothes and went to an after-prom party hosted by a classmate. At the party, the victim met defendant, who was then 26 years old and had "crashed" the party. After starting a conversation with the victim, defendant asked the victim to walk with him into the woods. The victim refused, but agreed to walk with him into an adjoining field. When the pair were some distance from the party, defendant began making advances to the victim which she stated she resisted. The victim stated that defendant then pulled her to the ground, removed her jeans and pantyhose and forced her to have sexual intercourse. The victim stated that after this event she returned to the party, crying hysterically and telling her friends she had been raped. The victim was eventually taken to a local hospital where she was examined by a physician, who completed a "rape kit". Consistent with her story, the victim's pubic area was found to be tender and semen was found on her undergarment. Although tests of vaginal smears for sperm were negative, medical evidence indicated that this did not establish that no intercourse took place, but only that no ejaculation occurred within her.

Defendant was ultimately indicted on one count of rape in the first degree and one count of rape in the third degree.

Following a jury trial, defendant was acquitted of rape in the first degree but convicted of rape in the third degree. Defendant was sentenced to a prison term of 1 to 3 years and this appeal followed.

We affirm. Initially, we reject defendant's claim that his motion pursuant to CPL 200.50 (7) to dismiss the second count of the indictment alleging rape in the third degree should have been granted on the ground that it failed to specifically state the alleged victim by name (even though the first count alleging rape in the first degree did). CPL 200.50 has been interpreted to require only that the indictment allege where, when and what the defendant did and generally it is sufficient to charge the language of the statute involved unless the statutory language is too broad (see, People v Iannone, 45 NY2d 589, 598; People v Di Noia, 105 AD2d 799, 800, lv denied 64 NY2d 759, 763, cert denied 471 US 1022). In this case the name of the victim was not an element of the crime that was required to be charged; therefore, the failure to name the victim did not invalidate the indictment (see, People v Schneider, 178 AD2d 934; see also, People v Fleming, 60 Hun 576). Unquestionably, if defendant required more information, he could have easily requested it in his demand for a bill of particulars (see, People v Harris, 117 AD2d 881, 882; People v Barlow, 88 AD2d 668). Along those lines, we note that review of defendant's request for a bill of particulars in this case indicates that he knew the name of the victim at the time he made his demand. Therefore, any claim of prejudice by defendant is specious (see, People v Schneider, supra).

Next, defendant contends that a pretrial notice given to defendant by the People pursuant to CPL 710.30 detailing their intent to use an oral statement made by defendant to law enforcement officers was insufficient because the officers' testimony went beyond the brief summaries included in the notice and they testified to statements by defendant that were different from those summarized in the notice. We disagree. When a defendant's oral statement is to be used at trial, the People need not give a verbatim report of the complete oral statement in their CPL 710.30 notice (see, People v Garrow, 151 AD2d 877, 879, lv denied 74 NY2d 948; see also, People v Cooper, 158 AD2d 743, revd on other grounds 78 NY2d 476). The purpose of the statute will be served when the defendant is provided an opportunity to challenge the admissibility of the statement (see, People v Garrow, supra). Accordingly, the People need only give the "sum and substance" of the oral statement in their notice (People v Holmes, 170 AD2d 534,

535, *lv denied* 77 NY2d 961; *People v Murphy,* 163 AD2d 425). Here, our examination of the notice and the witnesses' testimony convinces us that the notice gave the substance of the statement and to whom it was made *(see, People v Dyla,* 169 AD2d 777, 778, *lv denied* 77 NY2d 994), and any difference between the notice and testimony was not material and did not prejudice defendant. Moreover, defendant was given a full opportunity to challenge the admissibility of the statements at his pretrial suppression hearing and cannot now argue that he was given insufficient notice *(see, People v Holmes, supra; People v Dyla, supra).*

Defendant's remaining allegations of error have been examined and found to be either meritless, harmless or unpreserved for appellate review. Our review of the record reveals no basis for defendant's claim that the verdict was against the weight of the evidence *(see, People v Wells,* 159 AD2d 799). The People's evidence, especially the victim's testimony, amply satisfied all the required elements of rape in the third degree, including the requirement of sexual intercourse. It is immaterial that the medical evidence was inconclusive on this point. Notably, it did not refute the victim's story. The People were required to prove only slight penetration, "not the ensuing physical manifestations of intercourse that are ordinarily found in a medical examination" *(People v Chilson,* 133 AD2d 931, 933, *lv denied* 71 NY2d 893; *see, People v Shreve,* 167 AD2d 698, 700).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).