■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH REED, Appellant. [602 NYS2d 258] —Judgment unanimously affirmed. Memorandum: Defendant was charged with assault in the first degree. According to police officers investigating the incident, defendant gave oral and written statements admitting that he stabbed the victim. After a *Huntley* hearing at which the investigating officers testified about the statements, the court concluded that defendant made the statements voluntarily. At trial, one of the officers testified about defendant's oral statement, and stated that defendant admitted that he had attempted to stab two other men who were assisting the victim. There had been no testimony to that effect at the *Huntley* hearing. Defense counsel moved for a mistrial, asserting that defendant had not been notified of the statement pursuant to CPL 710.30. The court properly denied the motion. The notice pursuant to CPL 710.30 " 'need not contain a verbatim report of a defendant's oral statement' " *(People v Garrow,* 151 AD2d 877, 879, *lv denied* 74 NY2d 948, quoting *People v Ludolph,* 63 AD2d 77, 80; *see, People v LaPorte,* 184 AD2d 803, *lv denied* 80 NY2d 905) and where the difference between the officer's testimony concerning the oral statement at trial and at the *Huntley* hearing is not material and does not prejudice defendant, reversal is not required *(see, People v LaPorte, supra).* We conclude that the statement complained of was not material to the case and, in any event, did not prejudice defendant. He admitted that he

stabbed the victim and the jury chose to reject his justification defense.

The court properly determined that defendant's absence from the trial was deliberate. On the second day of trial, defendant failed to appear. The court adjourned until that afternoon to allow both the prosecutor and defense counsel to attempt to locate defendant. The efforts of counsel constitute a reasonable inquiry (see, People v Nance, 175 AD2d 185, lv denied 79 NY2d 861) and the court was not obligated to conduct any further investigation. Although the court failed to state on the record the facts and reasons upon which it relied in determining that defendant's absence was deliberate, the record contains sufficient facts to support the court's determination (see, People v Brooks, 75 NY2d 898, mot to amend remittitur granted 76 NY2d 746). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.