(November 18, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. LEWIS, Appellant. [604 NYS2d 276] —Yesawich Jr., J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 13, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

The testimony at trial established that at approximately 8:30 P.M. on April 5, 1989, after defendant disembarked from a bus that had arrived at the City of Albany station from New York City, James Tuffey, a plainclothes detective with the Albany Police Department, saw defendant place a clear plastic bag containing a white substance into a larger, orange plastic bag that he was carrying. Tuffey stated that, believing the

substance to be cocaine, he approached defendant with his gold shield in plain view and asked defendant where he was going; in response, defendant threw the orange bag at Tuffey, pushed him and fled on foot. Detective John Burke testified that he saw defendant push Tuffey, but he did not see defendant holding the bag or the cocaine. After a brief chase, defendant was apprehended, placed under arrest and transported to the police station, where he informed several detectives that he knew of the drug interdiction efforts being carried out in Albany, and was sorry that he had chosen that route, rather than an alternate but more time consuming route through Binghamton. He then volunteered that he was a major drug dealer in Utica. Found within the orange bag were two smaller bags containing approximately 55 grams of cocaine and numerous small vials of a type used to package narcotics for distribution. A search of defendant's apartment in Utica revealed no drugs or paraphernalia, but a bankbook with an account balance of approximately $1,100 and cash in excess of $1,000.

Defendant, who insisted that he had never possessed any illegal drugs and that the cocaine and vials had been "planted" after he was arrested, when it was discovered that there was no contraband in the bag, also claimed to have been beaten by the police prior to making any inculpatory statements. The jury apparently did not find these assertions credible, however, as it found defendant guilty on both charges. He was sentenced as a second felony offender to a prison term of 12½ to 25 years for the possession count and a concurrent term of one year for the misdemeanor.

We find no merit in defendant's contention, raised for the first time at the beginning of a suppression hearing at which the admissibility of the statements was addressed, that County Court erroneously failed to preclude the detectives' testimony as to the oral statements defendant assertedly made after his arrest. Although the pretrial notice furnished defendant did not comply with CPL 710.30, in that it did not provide any indication of the "sum and substance" of the inculpatory statements which the People intended to introduce into evidence, or the context in which those statements were made *(see, People v Laporte,* 184 AD2d 803, 804, *lv denied* 80 NY2d 905; *People v Rivera,* 73 AD2d 528, *affd* 53 NY2d 1005), these defects are of no import where, as here, defendant was afforded a full opportunity to challenge the admissibility of his statement and did in fact do so on the substantive basis that it was not voluntarily made *(see, People v Laporte, supra,* at 805;

*compare, People v Amparo,* 73 NY2d 728, 729). The circumstances here differ from those present in *People v Bernier* (73 NY2d 1006) in that here the suppression hearing was initiated before any request for preclusion was lodged, thus effectively waiving defendant's right to object to the improper notice *(see, People v Li Castro,* 180 AD2d 840, 841, *lv denied* 80 NY2d 834; *People v Holmes,* 170 AD2d 534, 535, *lv denied* 77 NY2d 961).

Finally, in view of defendant's prior criminal record, the significant amount of cocaine he possessed, and the fact that this arrest was made while defendant was on probation and within six months of his release from prison on an unrelated burglary offense, County Court's imposition of the harshest sentence cannot be said to have been an abuse of discretion *(see, People v Gaddy,* 94 AD2d 892, 893).

Crew III, White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.