[604 NYS2d 638]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE C. LOPEZ, Appellant.

Third Department, December 2, 1993

## APPEARANCES OF COUNSEL

*Roger M. Fritts, Public Defender,* Albany *(Raymond Kelly* of counsel), for appellant.

*Sol Greenberg, District Attorney* of Albany County *(Risa Viglucci* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

On September 17, 1989, defendant entered the home of Tammis Groft in the City of Albany and stabbed her in the chest with a knife. Groft pulled the knife out of her chest and stabbed defendant, who fled the scene. Receiving a report from defendant's employer that defendant had suffered a stab wound, the police arrested defendant on an outstanding bench warrant for failure to pay a fine on a disorderly conduct conviction. After being taken into custody, defendant made oral and written admissions and was identified in a lineup as Groft's assailant. Defendant was indicted for attempted murder in the second degree, two counts of assault in the first degree and burglary in the first degree. Citing deficiencies in the "blanket" notice served pursuant to CPL 710.30 (1), defendant moved to suppress, *inter alia,* evidence of his oral and written statements and the lineup identification. County Court denied the motion. After trial, defendant was convicted of all four counts of the indictment and sentenced to consecutive prison terms aggregating 16⅔ to 50 years. He now appeals.

We find merit in defendant's primary contention, that the People's failure to serve an adequate CPL 710.30 notice required suppression of evidence of defendant's oral and written statements and the lineup identification *(see,* CPL 710.30 [3]; *People v O'Doherty,* 70 NY2d 479). We accordingly grant the motion to suppress that evidence, reverse the judgment of conviction and remit the matter to County Court for a new trial. In our view, the mere notation on a printed form that the People intend to offer evidence of (a) "An oral statement made to a public servant", (b) "A written statement made to a public servant", and (c) "Identification of the defendant as the person who committed the crime herein charged by a witness who has previously identified the defendant as such by * * *

Lineup" is insufficient to satisfy the requirement of CPL 710.30 (1) that the People serve a notice *"specifying* the *evidence* intended to be offered" (emphasis supplied). We are not at all persuaded by the People's argument that the statutory language requires only that they indicate which of the enumerated types of evidence they intend to offer. To the contrary, this Court has required, at a minimum, notice of the " 'sum and substance' " of a defendant's oral statement and the person to whom it was given *(People v Laporte,* 184 AD2d 803, 804, *lv denied* 80 NY2d 905, quoting *People v Holmes,* 170 AD2d 534, 535, *lv denied* 77 NY2d 961). Similarly, the People were required to attach a copy of defendant's written statement and identify the lineup, at the very least, by date and place *(see, People v Palermo,* 169 AD2d 787; *cf., People v Ocasio,* 183 AD2d 921, 923-924, *lv dismissed* 80 NY2d 932). Notably, the form utilized by the People made provision for the inclusion of that very information. We are in accord with the view of the Second Department and respected commentators that an incomplete form notice such as the one utilized in this case " 'is insufficient to fulfill due process and statutory requirements' " *(People v Palermo, supra,* quoting *Matter of Albert B.,* 79 AD2d 251, 256; *see,* 5 Zett, NY Crim Prac ¶ 37.5 [2] [b]; [3] [c]; Katz and Shapiro, New York Suppression Manual § 29.02 [3]; *contra, People v Rutledge,* 150 Misc 2d 948).

Defendant's remaining contentions have either been considered and found to lack merit or have been rendered academic by our reversal of the judgment of conviction.

CARDONA, J. (dissenting). I respectfully dissent. In my opinion, the purpose of CPL 710.30 was clearly met under the facts of this case because defendant was provided adequate notice and certainly ample opportunity to challenge the evidence at issue.

CPL 710.30 (1) requires that the People give *notice* to a defendant of their intention to offer evidence, requiring that: "Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a

notice of such intention, specifying the evidence intended to be offered." The People argue that defendant was provided with notice on a timely basis pursuant to CPL 710.30 which specified that upon trial the People intended to offer evidence of an oral and written statement made to a public servant, and identification of defendant by a witness who had identified defendant by lineup. Defendant argues that the notice was insufficient as it merely notified defendant that the People intended to introduce such evidence, yet did not detail the contents of the statements nor describe the identification procedures.

It is emphasized that this is not a late notice case. The issue is whether the notice given was adequate under this statute. In interpreting statutes, it must be kept in mind that the intent of the Legislature is the primary object sought. The spirit and purpose of the particular statute must be considered and given effect. The literal meaning of a particular word (specifying in this case) should not defeat the manifest intent of the statute (see, McKinney's Cons Laws of NY, Book 1, Statutes § 111). The intent of CPL 710.30 is to provide a defendant with the opportunity to obtain pretrial rulings on the admissibility of statements to be used at trial (see, People v O'Doherty, 70 NY2d 479, 488). The statute, as amended in 1976 (L 1976, ch 8, § 2), expanded its goal to include promoting orderly, swift and efficient determination of pretrial motions (People v O'Doherty, supra, at 488). Although I would encourage disclosing as much information as soon as possible, it is my opinion that a notice such as that served on defendant, if served within the statutory time frame as in the instant case, gives ample opportunity to obtain pretrial rulings on admissibility of statements and identification to be used against a defendant. Once notice is served, discovery provisions of CPL 240.20 may be triggered. Hearings pursuant to CPL 255.20 may also be initiated. The statutory combination of CPL 710.30, 240.20 and 255.20 provides a defendant with the means to obtain relevant evidence in a timely fashion and promotes the legislative goal of providing a defendant with pretrial opportunities to challenge evidence to be used at trial.

It is important to note that there is no allegation that the contents of the notice caused defendant prejudice and impeded him from seeking suppression of evidence (see, People v Caudle, 128 AD2d 629, lv denied 69 NY2d 1002). Defendant did not go forward with a Wade or Huntley hearing because he did not want to waive the CPL 710.30 objection (see, CPL

710.30 [3]). Although defendant's actions preserved for appellate review the sufficiency of the notice provision, the underlying purpose and goal of the statute was thwarted. The fact remains that defendant was given *notice* that oral and written statements and identification testimony would be introduced at trial. He had ample opportunity to use the provisions of CPL 240.20 and 255.20 on a timely basis. The notice given provided defendant with the opportunity to obtain pretrial rulings on the admissibility of statements to be used against him and was sufficient to meet due process and statutory requirements.

As I would not suppress defendant's oral and written statements and lineup identification, the remaining issues will be addressed.

There were no abuses in the Grand Jury proceedings. Any potential for prejudice was avoided by the prosecutor's instruction that statements regarding defendant's prior criminal history were not to be considered in determining whether to indict defendant and were only admitted to explain police activity *(see, People v Casanova,* 160 AD2d 394, *lv denied* 76 NY2d 786). In regard to the ambiguous question from the prosecutor, "Are the indictments up there on your desk?", to which the foreperson responded, "Yes", I would hold that the reference is too ambiguous to substantiate defendant's contention that he was in any way prejudiced.

The limitation of cross-examination of the victim was not an abuse of discretion. It was within the discretion of County Court to prohibit the victim from having to step down in front of the courtroom and stand with her back to defendant in order to allow the jury to compare the relative sizes of the victim and defendant *(see, People v Montgomery,* 188 AD2d 677, *lv denied* 81 NY2d 792; *People v Duffy,* 185 AD2d 528, 530, *lv denied* 80 NY2d 903). Defense counsel was otherwise permitted to thoroughly cross-examine the witness regarding her ability to identify defendant and recognize his physical characteristics.

Defendant next argues that his sentence should be modified so that the burglary and attempted murder sentences run concurrently, rather than consecutively. I agree. "Concurrent sentences are required when a single inseparable act violates more than one statute, or if an act violates one statute and is a material element in the violation of the other" *(People v Hatch,* 105 AD2d 549, 550; *see,* Penal Law § 70.25 [2]). "Con-

secutive sentences are proper for separate and distinct acts which violate more than one section of the Penal Law, even if such acts are part of a 'continuous course of activity' " *(People v Hatch, supra,* at 550-551, quoting *People v Brown,* 66 AD2d 223, 226). The conviction of burglary in the first degree results from proof that defendant knowingly entered a dwelling with intent to commit a crime and caused physical injury to a nonparticipant of the crime *(see,* Penal Law § 140.30). The conviction for attempted murder in the second degree requires proof that with intent to cause the death of another, defendant engaged in conduct which tended to effect the commission of that crime *(see,* Penal Law §§ 110.00, 125.25). Here, defendant entered the victim's dwelling and stabbed her. This established the physical injury required for burglary in the first degree. Conversely, the act of stabbing the victim tends to effect the commission of attempted murder in the second degree. As the act of stabbing the victim was a single, inseparable act which violated Penal Law §§ 140.30, 110.00 and 125.25, consecutive sentences were improper. As such, the sentences should be modified to run concurrently.

Accordingly, I would modify the judgment by directing that the sentence for burglary in the first degree and the sentence for attempted murder in the second degree be served concurrently, and, as modified, would affirm.

WEISS, P. J., MAHONEY and CASEY, JJ., concur with MERCURE, J.; CARDONA, J., dissents in a separate opinion.

Ordered that the judgment is reversed, on the law, motion to suppress evidence of defendant's oral and written statements and lineup identification granted and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.