■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [612 NYS2d 849] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered October 30, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, 8 to 16 years, and 6 months, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69

NY2d 490). The credibility issues raised by defendant were properly placed before the jury, and after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb the jury's determination to credit the arresting officers' testimony rather than that of the defendant.

Contrary to defendant's contention, his request for a missing witness charge was properly denied since defendant failed to establish the existence of any of the prerequisites for this charge (see, People v Gonzalez, 68 NY2d 424, 427-430).

Nor do we perceive error in the court's decision to allow the introduction of only inculpatory portions of defendant's grand jury testimony since the prosecutor was not obligated to introduce defendant's exculpatory statements because they were self-serving and not inextricably intertwined with the inculpatory statements (People v Mitchell, 82 NY2d 509).

Further, the court's decision not to conduct the Sandoval hearing prior to jury selection does not provide grounds for reversal in this case since the essential purpose of the hearing was not frustrated by the court's ruling in the midst of the People's case (People v Dokes, 79 NY2d 656, 662) and the defendant can identify no resulting prejudice.

Defendant's claim that the court erred by admitting the money seized from him is unpreserved as a matter of law (CPL 470.05 [2]), and we decline to reach it in the interest of justice. If we were to review the claim, we would find the evidence properly admitted as relevant to defendant's intent to sell and not unduly prejudicial (People v Donato, 176 AD2d 125, lv denied 78 NY2d 1127).

Nor do we perceive any abuse of sentencing discretion (People v Delgado, 178 AD2d 275, affd 80 NY2d 780).

We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.