OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was indicted for assault in the first degree in connection with the stabbing of Reginald Thomas on July 3, 1990 in the City of Rochester. After defendant’s arraignment, the People timely served a notice, pursuant to CPL 710.30, of their intention to offer evidence of a written statement obtained from defendant by the City police and, "verbal statements referred to on Inv. Clark’s Investigative Action Report.” Defendant concedes that he was furnished a copy of Investigator Clark’s report referred to in the notice. The report was read into the record by defense counsel at defendant’s trial during argument outside the presence of the jury. In that statement, defendant sought to justify stabbing Thomas in order to prevent being robbed by him and two other perpetrators. He related to Investigator Clark that he had been outside a high-rise apartment building talking to a friend when he was accosted by Thomas demanding a cigarette. When he refused the demand, Thomas struck him and knocked him down. Then two other men held him on the ground and removed his wallet. At that point, defendant stated that he pulled out a knife, stabbed Thomas, attempted unsuccessfully to stab the other two assailants, and then fled the scene.
 

 At the suppression hearing, Investigator Clark’s testimony regarding the contents of defendant’s oral statement coincided in substancé with his investigative report, except that Clark neglected to mention the portion of his report describing defendant’s claim of having unsuccessfully attempted to stab the two other perpetrators of the robbery. When Clark testified at defendant’s trial, however, his description of defendant’s oral statement included the portion left out of his suppression hearing testimony — the unsuccessful attempt to stab the two other robbers. Defense counsel objected to this
 

 
 *947
 
 discrepancy on the ground of lack of notice. The trial court overruled the objection and the jury convicted defendant of the assault committed against Thomas.
 

 As previously noted, the People in their CPL 710.30 notice referred specifically to oral statements described in Investigator Clark’s report. That report was in turn furnished to defendant, and clearly set forth the sum and substance of defendant’s oral statements that Clark testified to at defendant’s trial, including the portion thereof he omitted at the suppression hearing. Thus, the People’s notice was in full compliance with the requirements of CPL 710.30 regarding a description of the contents of defendant’s oral statements
 
 (see, People v Lopez,
 
 84 NY2d 425 [decided today]).
 

 Defendant’s argument before this Court, that Clark should not have been permitted to testify at the trial regarding the portion of defendant’s statement omitted at the suppression hearing because the suppression court never ruled on the voluntariness of that portion, was not preserved and, thus, cannot be considered on this appeal. Defendant’s sole ground for objecting at the trial to the admissibility of that portion of his statement was the absence of notice.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.