■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT L. HOWINGTON, Appellant. [628 NYS2d 921] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was promised a sentence of 2 to 4 years' imprisonment. County Court advised defendant that, if he did not appear on the date of sentencing, he could receive a sentence of up to $3^1/_2$ to 7 years' imprisonment. The court later repeated that the sentence could be enhanced if defendant failed to appear. Defendant responded that he understood the condition.

Defendant failed to appear for sentencing and the matter was adjourned. Defendant again did not appear, and the matter was again adjourned after the court directed the District Attorney to check local jails and hospitals. Defense counsel advised the court that he had left messages on defendant's answering machine and sent defendant a letter but was "at a loss to explain [defendant's] failure to appear." The court adjourned the matter once more, and again defendant did not appear. The District Attorney represented that he had contacted local jails and hospitals. The court sentenced defendant in absentia to $3^1/_2$ to 7 years' imprisonment.

The court properly determined that defendant's absence was deliberate. The court adjourned the sentencing on three occasions "to allow both the prosecutor and defense counsel to attempt to locate defendant" (People v Reed, 197 AD2d 844, 845, affd 84 NY2d 945). The efforts of counsel constitute a reasonable inquiry (see, People v Reed, supra; People v Nance, 175 AD2d 185, lv denied 79 NY2d 861), and the court was not obligated to conduct any further investigation. "Although the court failed to state on the record the facts and reasons upon which it relied in determining that defendant's absence was deliberate, the record contains sufficient facts to support the court's determination" (People v Reed, supra, at 845; cf., People v Brooks, 75 NY2d 898, mot to amend remittitur granted 76 NY2d 746).

Defendant further contends that his appearance before the court without counsel eight days after sentencing constituted the sentencing and that he therefore had a right to counsel. That contention is without merit. The court simply advised defendant that he had been sentenced in absentia. (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.