■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY REINARD, Appellant. [665 NYS2d 989] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court should have suppressed a statement that he made to an investigator at police headquarters following his arrest. The evidence at the *Huntley* hearing supports the court's conclusion that the statement was spontaneous and not the product of police interrogation or its functional equivalent (*see, People v Huffman,* 61 NY2d 795, *cert denied* 515 US 1167; *People v Strickland,* 151 AD2d 978, 979, *lv denied* 74 NY2d 819; *People v Allnutt,* 148 AD2d 993, *lv denied* 74 NY2d 736).

Defendant further contends that reversal is required because the statement attributed to him at trial by the police investigator varied from the statement in the People's CPL 710.30 notice. We disagree. "When a defendant's oral statement is to be used at trial, the People need not give a verbatim report of the complete oral statement in their CPL 710.30 notice" (*People v Laporte,* 184 AD2d 803, 804, *lv denied* 80 NY2d 905; *see, People v Reed,* 197 AD2d 844, *affd* 84 NY2d 945; *People v Garrow,* 151 AD2d 877, 878-879, *lv denied* 74 NY2d 948). The notice is sufficient where, as here, it advises defendant of the "sum and substance" of his statement (*People v Holmes,* 170 AD2d 534, 535, *lv denied* 77 NY2d 961). In any event, because the evidence of guilt is overwhelming and there is no significant probability that defendant would otherwise have been acquitted,

any error with respect to the statement is harmless (*see, People v Crimmins*, 36 NY2d 230, 241-242; *People v Wheaton*, 148 AD2d 931, 932, *lv denied* 74 NY2d 853).

Finally, based on our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.