■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORAL D. HARRIS, Also Known as CORNELL HARRIS, Appellant. [672 NYS2d 153] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered June 6, 1996 in Albany County, upon a verdict convicting defendant of the crimes of rape in the third degree and unlawfully dealing with a child in the first degree.

After an incident in which defendant allegedly sexually assaulted a 14-year-old girl (hereinafter the victim), he was arrested and charged with, *inter alia,* rape in the first degree. At trial, the victim testified that after she agreed to "go drinking" with defendant, he purchased some beer and then took her to a motel room, where he forcibly raped and sodomized her. The People also elicited testimony from a physician who, after examining the victim, was of the opinion that she had sustained injuries to her wrists, thighs and genital area that were consistent with forcible sexual intercourse.

Defendant testified that after arriving at the motel, he and

the victim engaged in consensual foreplay but did not have intercourse. Convicted of rape in the third degree (for which he received a prison sentence of $1^1/_3$ to 4 years) and unlawfully dealing with a child in the first degree (for which he was sentenced to a definite term of one year, to be served concurrently with his indeterminate sentence), defendant appeals.

Defendant takes issue with certain of the trial court's evidentiary rulings. First, he maintains that his motion to preclude the introduction of evidence concerning a "showup" identification conducted by the police was wrongly denied. He claims that the People failed to furnish adequate notice of their intention to use that proof, as required by CPL 710.30. Even if defendant is correct in his assertion that the absence of a check mark in the appropriate category rendered the People's form notice deficient, despite the attached description of the circumstances surrounding the out-of-court identification (*see, People v Phillips*, 183 AD2d 856, 858, *lv denied* 80 NY2d 908), any error in this regard was harmless (*see, People v Mole*, 147 AD2d 714) for defendant never denied that he was the only person with the victim at the time and place in question. While the precise nature of their interaction was sharply disputed, his identity as her companion was never an issue (*cf., People v Reed*, 197 AD2d 844, 844-845, *affd* 84 NY2d 945).

As for defendant's argument that the People should not have been permitted to elicit an opinion from their physician witness as to whether the victim's injuries were consistent with forcible sexual intercourse, it is enough to note that Supreme Court, not injudicously, found that this testimony provided clarification of a matter beyond the ken of the average juror and within the scope of the expert's specialized knowledge (*see, People v Taylor*, 75 NY2d 277, 288; *De Long v County of Erie*, 60 NY2d 296, 307; *People v Smith*, 129 AD2d 1005; *cf., People v Trotter*, 198 AD2d 606, 607, *lv denied* 82 NY2d 931). While the statements at issue did provide independent corroboration of the victim's claims, they did not, as defendant urges, improperly bolster her credibility; nor did they impinge upon the jury's right to resolve conflicts in testimony and determine defendant's guilt (*compare, People v Ciaccio*, 47 NY2d 431, 439).

Defendant's contention that he should have been permitted to introduce a tape recording or transcript of a telephone conversation between himself and the victim, which the latter had surreptitiously recorded several days after the alleged assault, is also rejected. In that conversation, the victim repeatedly stated, and defendant steadfastly denied, that the two had

engaged in sexual intercourse. These prior consistent statements do not fall within any of the recognized exceptions to the general rule barring the use of out-of-court utterances to prove the truth of the matters asserted therein (*see, e.g., People v Buie*, 86 NY2d 501, 505-506; *People v Seit*, 86 NY2d 92, 95-96). To the extent that the victim's statements that her mother had become aware of the incident, and that she was afraid she would get in trouble because of it, bear on her state of mind at the time and provide some evidence of a possible motive to testify falsely, any error in excluding them was harmless because defendant had ample opportunity to explore these matters during her cross-examination.

Equally unavailing is defendant's claim that he was not accorded a fair trial because the prosecutor was allowed to read a portion of his Grand Jury testimony into the record but defendant was not permitted to introduce the remainder. The omitted sections were not inextricably intertwined with the inculpatory material introduced by the People, nor were they necessary to place the latter in context to avoid creating a false impression with the jury (*see, People v Jones*, 203 AD2d 183, 184, *lv denied* 84 NY2d 827; *compare, People v Isla*, 96 AD2d 789). Consequently, there was no basis for allowing defendant to bolster his own trial testimony by introducing these earlier, self-serving denials of culpability (*see, People v Buie, supra*, at 510).

Mikoll, J. P., Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.