■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. TORRA, Appellant. [777 NYS2d 924]—

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 23, 2001, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a four-count indictment, defendant pleaded guilty to driving while intoxicated. As part of the plea agreement, he signed a waiver of the right to appeal and was to be sentenced to 1 to 3 years in prison. Defendant also signed a *Parker* admonishment acknowledging, among other things, that if he failed to appear for sentencing, County Court would not be bound by the sentencing agreement. The court cautioned defendant that if he did not appear for sentencing, he could be sentenced in absentia. Defendant was released on bail and sentencing was scheduled for January 18, 2001.

After receiving a note from defendant's girlfriend indicating that defendant had engaged in certain inappropriate activities, County Court set the matter down for a review of defendant's bail status on January 12, 2001. Defendant did not appear in court on that date or for sentencing on January 18, 2001. County Court adjourned sentencing to January 23, 2001 and, when defendant did not appear on that date, sentenced him in absentia to 1⅓ to 4 years in prison. Defendant now appeals.

It is undisputed that defendant received a *Parker* admonishment, specifically informing him of the consequences of his failure to appear at sentencing, and he nonetheless did not appear on the date originally set for sentencing or on the adjourned date. Having failed to appear, defendant was subject to a greater sentence. Moreover, before imposing sentence in defendant's absence, County Court inquired of defense counsel's efforts to locate defendant, which were unsuccessful. Under the circum-

stances, County Court adequately complied with the dictates of *People v Parker* (57 NY2d 136, 142 [1982]) prior to sentencing defendant in absentia (*see People v Sumner*, 254 AD2d 537, 537-538 [1998]). Contrary to defendant's claim, it was not incumbent upon the court to adjourn sentencing yet a third time, particularly given defendant's failure to appear at the three previously scheduled court proceedings.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.