■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN J. SYRELL, Appellant. [839 NYS2d 645]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered January 3, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20). Defendant contends that County Court abused its discretion in sentencing him in absentia to an enhanced sentence. Although defendant failed to preserve that contention for our review (see CPL 470.05 [2]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). If a defendant fails to appear at sentencing, he or she may be

deemed to have waived the right to be present only if the defendant was previously advised of the consequences of failing to appear at sentencing (*see People v Rosas*, 34 AD3d 605 [2006]; *People v Torra*, 8 AD3d 751 [2004]; *see generally People v Parker*, 57 NY2d 136, 140-141 [1982]). Even when, as here, there has been a valid waiver, however, the sentencing court must, inter alia, inquire into the possibility of locating defendant within a reasonable period of time before it may exercise its discretion to sentence defendant in absentia (*see Parker*, 57 NY2d at 142; *Torra*, 8 AD3d 751 [2004]; *People v Deere*, 8 AD3d 763, 764 [2004], *lv denied* 3 NY3d 673 [2004]; *People v Howington*, 216 AD2d 960 [1995], *lv denied* 86 NY2d 781 [1995]), and the court failed to conduct the requisite inquiry in this case. We conclude under the circumstances of this case that it is likely that defendant's whereabouts could have been ascertained by local law enforcement, and we thus conclude that the court abused its discretion in sentencing defendant in absentia. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.

We further conclude in any event that the court erred in imposing an enhanced sentence based on defendant's failure to appear at sentencing. The record establishes that, at the time of his plea, the court did not advise defendant that an enhanced sentence could be imposed if he failed to appear at sentencing. We note, however, that under those circumstances a court is required to impose the promised sentence or to afford the defendant the opportunity to withdraw his or her plea (*see People v Sundown*, 305 AD2d 1075, 1076 [2003]).

Finally, we reject the contention of defendant that, because he is an eligible youth, the court erred in failing to determine on the record whether he should be adjudicated a youthful offender. We conclude that, by entering into the plea agreement pursuant to which the court's sentencing promise was an indeterminate term of imprisonment of 2 to 6 years, defendant should have been aware that youthful offender treatment was not part of the bargain (*see* CPL 720.20 [1] [a]). " 'In any event[,] given defendant's prior history and the nature of the crime, there is no indication before us that such treatment was warranted' " (*People v Burlew*, 261 AD2d 828, 828 [1999], *lv denied* 93 NY2d 1015 [1999]). Present—Gorski, J.P., Martoche, Lunn, Peradotto and Pine, JJ.