THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. MURPHY, Appellant. [896 NYS2d 760]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 9, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. The record "establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]). Although the contention of defendant that Supreme Court erred in denying his motion to withdraw the plea on the ground that it was coerced survives his valid waiver of the right to appeal (*see People v Wright*, 66 AD3d 1334 [2009], *lv denied* 13 NY3d 912 [2009]), we conclude that the court did not abuse its discretion in denying defendant's motion (*see generally People v Alexander*, 97 NY2d 482, 485 [2002]). The contention of defendant in support of his motion that the plea was coerced because the court conditioned its sentencing

commitment on his payment of restitution is belied by his statements during the plea colloquy and four subsequent court appearances, wherein he reaffirmed that he had agreed to pay restitution in the amount of $40,000 in accordance with the terms of the plea agreement (*see People v Forshey*, 294 AD2d 868 [2002], *lv denied* 98 NY2d 675 [2002]). During the four subsequent court appearances, defendant requested additional time in which to make restitution payments in whole or in part and represented to the court that he had the means to do so, and the court granted defendant's requests. The record establishes that, before sentencing defendant to the maximum term of incarceration, the court conducted an appropriate inquiry into the wilfulness of defendant's failure to pay the restitution and properly concluded that "in the first instance, the defendant agreed to pay the restitution in order to obtain the benefits of a favorable plea, but knew at the time that he . . . would very likely be unable to satisfy the obligation" (*People v Hassman*, 70 AD3d 716, 718 [2010]). Finally, the waiver by defendant of the right to appeal encompasses his contention that the sentence is unduly harsh and severe (*see Lopez*, 6 NY3d at 256). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.