# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**151**

**KA 11-02375**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                             MEMORANDUM AND ORDER

DAVID C. RODMAN, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO, FOR RESPONDENT.

---

     Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered July 7, 2011. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

     It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

     Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We reject defendant's contention that County Court erred in sentencing him in absentia. Although a defendant has the right to be present at every material stage of trial (*see People v Ciaccio*, 47 NY2d 431, 436), including sentencing (*see* CPL 380.40 [1]), that right may be waived (*see People v Parker*, 57 NY2d 136, 139). "If a defendant fails to appear at sentencing, he or she may be deemed to have waived the right to be present only if the defendant was previously advised of the consequences of failing to appear at sentencing" (*People v Syrell*, 42 AD3d 947, 947-948; *see People v Major*, 68 AD3d 1244, 1245, *lv denied* 14 NY3d 772). "Even when . . . there has been a valid waiver, however, the sentencing court must, inter alia, inquire into the possibility of locating defendant within a reasonable period of time before it may exercise its discretion to sentence defendant in absentia" (*Syrell*, 42 AD3d at 948; *see Parker*, 57 NY2d at 142; *Major*, 68 AD3d at 1245).

     Defendant does not dispute that he was informed of the consequences of his failure to appear at sentencing. Rather, defendant contends only that the court erred in imposing a sentence without first inquiring into the circumstances of his failure to appear (*see generally Parker*, 57 NY2d at 142). We reject that contention. After defendant pleaded guilty, the court adjourned the matter on several occasions based on defendant's failure to appear. Additionally, before imposing the sentence, the court inquired into

defense counsel's efforts to locate defendant.  Under the circumstances presented here, we cannot conclude that the Court abused its discretion by sentencing defendant in absentia (*see People v Torra*, 8 AD3d 751, 751-752; *People v Howington*, 216 AD2d 960, 960, *lv denied* 86 NY2d 781).

Contrary to defendant's further contention, the record supports a determination that he wilfully failed to pay restitution prior to the sentencing date, and thus the court did not err in imposing an enhanced sentence based on that failure (*see generally People v Hassman*, 70 AD3d 716, 717-718).  It is undisputed that defendant failed to comply with the conditions of the sentencing commitment, and the court specifically informed defendant at the time of the plea that, if he failed to appear at sentencing, he could be sentenced to an indeterminate term of 1a to 4 years' incarceration (*see People v Haran*, 72 AD3d 1289, 1289-1290).  Moreover, on numerous occasions after he entered the plea, defendant requested additional time in which to make restitution payments in whole or in part and represented to the court that he had the means to do so, and the court granted defendant's requests.  As a result, there was sufficient information for the court to determine that, " 'in the first instance, the defendant agreed to pay the restitution in order to obtain the benefits of a favorable plea, but knew at the time that he . . . would very likely be unable to satisfy the obligation' " (*People v Murphy*, 71 AD3d 1466, 1467, *lv denied* 15 NY3d 754; *see Hassman*, 70 AD3d at 718; *see generally People v Bassoff*, 51 AD3d 682, 683, *lv denied* 11 NY3d 734; *People v Almo*, 300 AD2d 503, 504, *lv denied* 99 NY2d 611, 612).  Finally, defendant's valid waiver of the right to appeal with respect to both the conviction and sentence encompasses his contention that the sentence imposed is unduly harsh and severe (*see People v Lopez*, 6 NY3d 248, 255-256; *People v Hidalgo*, 91 NY2d 733, 737; *cf. People v Maracle*, 19 NY3d 925, 928).

Entered:  March 15, 2013                        Frances E. Cafarell
                                                Clerk of the Court