People v Taft (2025 NY Slip Op 02685)

People v Taft

2025 NY Slip Op 02685

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

254 KA 24-00056

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD H. TAFT, JR., DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE K. CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), entered January 11, 2022. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, assault in the second degree and intimidating a victim or witness in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [1] [b]), assault in the second degree (§ 120.05 [1]), and intimidating a victim or witness in the third degree (§ 215.15 [1]). Defendant contends that the conviction with respect to burglary in the second degree is not supported by legally sufficient evidence that he intended to commit a crime when he entered or remained within the building (see § 140.25). Contrary to defendant's contention, the People presented legally sufficient evidence from which the jury could infer defendant's intent to commit a crime at the time of entry (see People v Mercado-Ramos, 161 AD3d 1516, 1516 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]; see also People v Thompson, 206 AD3d 1708, 1709 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that the conviction with respect to assault in the second degree is not supported by legally sufficient evidence (see People v Tomion, 174 AD3d 1495, 1496 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]). Viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence on the issues of his intent and whether he caused "serious physical injury" (Penal Law § 120.05 [1]) to the victim (see generally Bleakley, 69 NY2d at 495). At trial, the People presented evidence that defendant picked the victim up and slammed him onto the ground multiple times, causing a forearm fracture. Specific to the element of serious physical injury, the People also presented evidence that the victim experienced significant pain, was in a cast for six weeks, and was unable to seek timely physical therapy due to the COVID-19 pandemic; that untreated fractures can result in deformity and decreased mobility; and that, as of the time of trial, the victim still experienced pain and was unable to work outside in cold weather because his wrist would "lock up and start hurting," requiring him to "go inside to where [he could] move it," all of which supported the conclusion that the victim continued to experience pain and disability over a year and a half after the initial injury (cf. People v Stewart, 18 NY3d 831, 832-833 [2011]; see generally People v Garland, 32 [*2]NY3d 1094, 1096 [2018], rearg denied 33 NY3d 970 [2019], cert denied — US &mdash, 140 S Ct 2525 [2020]). Thus, even if a different finding would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that County Court erred in holding portions of the trial in his absence. We note that defendant's contention presents a "mode of proceedings" error that is "immune from the requirement of preservation" (People v Rivera, 23 NY3d 827, 831 [2014] [internal quotation marks omitted]; see People v Kelly, 5 NY3d 116, 119-120 [2005]). Here, although defendant appeared during jury selection, he failed to reappear later that day following a break. Because defendant initially appeared for trial, the court was required to determine that his absence was deliberate in order to find that he had forfeited his right to be present (see People v Sanchez, 65 NY2d 436, 443-444 [1985]; cf. People v Parker, 57 NY2d 136, 140 [1982]). In making such a determination, a court should "inquire[ ] into the surrounding circumstances" and "recite[ ] on the record the facts and reasons it relied upon in determining that defendant's absence was deliberate" (People v Brooks, 75 NY2d 898, 899 [1990], mot to amend remittitur granted 76 NY2d 746 [1990]; see People v Jenkins, 45 AD3d 864, 865 [2d Dept 2007], lv denied 10 NY3d 766 [2008]; People v Dugan, 210 AD2d 971, 971 [4th Dept 1994], lv denied 85 NY2d 972 [1995]). Even if the court fails to recite those facts and reasons on the record, no error will be found so long as the court found the absence to be deliberate and the record contains sufficient facts to support that determination, such as where the court granted a brief adjournment to attempt to locate the defendant to no avail (see e.g. People v Reed, 197 AD2d 844, 845 [4th Dept 1993], affd 84 NY2d 945 [1994]).
Here, the court proceeded in defendant's absence without making a finding on the record that defendant's absence was deliberate, without stating facts and reasons that would support a finding of deliberateness, and without granting an adjournment or taking other steps to locate defendant. Under these circumstances, the court committed reversible error and a new trial is required (see Brooks, 75 NY2d at 899; Dugan, 210 AD2d at 972). We note that, although defendant ultimately reappeared, "[b]ecause this defendant was absent during a material part of his trial, harmless error analysis is not appropriate" (People v Mehmedi, 69 NY2d 759, 760 [1987], rearg denied 69 NY2d 985 [1987]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court