■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MANZI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the first degree and sentenced as a predicate felon to 12½ to 25 years' incarceration. On appeal he contends that the evidence was

insufficient to support his conviction for robbery; that the court erred in refusing to allow him to ask a police officer witness what defendant meant by his statement; that the People failed to comply with CPL 710.30; that the court erred in refusing to allow defendant to absent himself from trial; that he was incompetent to stand trial; that the court erred in vacating defendant's pretrial guilty plea; and that his sentence was vindictive and excessive. None of defendant's contentions has merit.

A review of the record leads to the conclusion that the evidence against defendant, although circumstantial, was very strong and more than sufficient to support his conviction for robbery in the first degree (see, People v Bleakley, 69 NY2d 490, 495). Defendant contends that there was a violation of the notice requirement of CPL 710.30 because the notice stated that defendant had made a statement to a public servant without specifying what the statement was or when and to whom it was made. The notice merely advised defendant to "see attached statements". Defendant contends that nothing was attached to the notice and that the court thus erred in admitting a statement he made at the police station. The People argue that a seven-page police report containing defendant's statements was attached to the notice. It is not necessary to resolve the conflict in those contentions. If the People's version is correct, the police report was sufficient to comply with the statute; if defendant's version is correct, the CPL 710.30 notice should have alerted defense counsel that the attachment was missing, in which case it was incumbent on him to inform the People or the court about the missing statement and request that it be supplied. Inasmuch as defense counsel waited to object until the People sought to elicit the statement at trial, he cannot be heard to claim that there was a violation of CPL 710.30.

It was not an abuse of discretion for the court to deny defendant's request to leave the courtroom in the first instance. Although a defendant may waive his right to be present at trial, such waiver must be voluntary, knowing and intelligent, and the court must assure itself of the validity of the waiver before proceeding in defendant's absence (People v Parker, 57 NY2d 136, 139-141). Here, despite lengthy questioning, the court was not able to satisfy itself that defendant was voluntarily, knowingly and intelligently waiving his right to be present. Defendant gave confusing and conflicting responses to the court's inquiries concerning why he wanted to be excused and whether he understood the consequences of a

waiver. In any event, defendant cannot demonstrate any prejudice as a result of the court's delay in granting his request. When the court finally granted defendant's request to be excused, the court did not err in explaining his absence from the courtroom to the jury. He merely informed them that defendant's absence was due to an unspecified health problem and that they were not to draw an adverse inference from his absence. Defense counsel failed to object to those instructions and, at any rate, they were not prejudicial.

The evidence of defendant's competency is amply supported by the record. Two psychiatrists testified that defendant was competent, that he understood the charges against him and was able to assist in his own defense. Defendant adduced no evidence to the contrary. Additionally, the court did not err in vacating defendant's plea of guilty entered before trial. Following the plea, it became apparent to the court and the parties that the plea bargain could not be fulfilled because it contemplated an illegal sentence. Defendant was unwilling to accept the minimum legal sentence that could be imposed and the People were unwilling to offer a plea to a lesser offense. Consequently, the only alternative was for defendant to stand trial. Finally, defendant's sentence is not vindictive. No presumption of vindictiveness arises when a sentence imposed after trial is greater than that imposed upon a previously vacated guilty plea *(Alabama v Smith,* 490 US 794). (Appeal from judgment of Onondaga County Court, Burke, J.—robbery, first degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.