■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BLACK, Also Known as MICHAEL SPIRLES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that, because of the People's failure to comply with the notice requirements of CPL 710.30, the court erred in failing to exclude his statement to the police. The People provided defendant with a timely CPL 710.30 notice, which stated "[t]he People intend to offer evidence of a statement made by defendant to a public servant consisting of * * * See attached complaint". Although the complaint failed to contain defendant's statement to the police, the People had previously provided defendant with voluntary discovery that included his statement to the police. Defense counsel admitted that he received the discovery packet that contained the statement and was able to prepare the case adequately and to challenge the statement's voluntariness. Given those circumstances, defendant's statement was properly admitted at trial *(see, People v Lane,* 132 AD2d 855, 856, *lv denied* 70 NY2d 801; *People v Taylor,* 102 AD2d 944, 945, *affd* 65 NY2d 1; *People v Costello,* 101 AD2d 244, 249). Additionally, when defense counsel dis-

covered that the statement was not attached to the CPL 710.30 notice, he should have immediately informed the People or the court to correct that deficiency *(see, People v Manzi,* 162 AD2d 955, 956, *lv denied* 76 NY2d 894).

Defendant further contends that the court's charge on constructive possession and accessorial liability was inadequate. Although the court's charge could have been more detailed or precisely phrased, reversal is not warranted because the jury, hearing the whole charge, would have understood the correct rule to be applied in reaching its verdict *(see, People v Canty,* 60 NY2d 830, 832). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.