■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LLOYD PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 19, 1989, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts), and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the date of the defendant's arraignment, he was served with a Voluntary Disclosure Form (hereinafter VDF) which contained the following declaration: "PLEASE TAKE NOTICE, that, pursuant to CPL 240.20 (1) (a), statements in the form noted below were made by the defendant" (emphasis in original).

Thereafter, the VDF provided space to enter five different types of statements: "Written", "Stenographic", "Audio tape", "Video tape" and "Oral". Only the space for "Video tape" contained an entry. The substance of the videotaped statement was then summarized. There followed the additional declaration: "PLEASE TAKE FURTHER NOTICE, that, pursuant to CPL 710.30 (1) (a), the People intend to offer evidence of the above statement(s) of the defendant(s) on the People's direct case at the trial of this action, except for the statements specified above in paragraph(s) ____" (emphasis in original).

Also annexed to the VDF were copies of several police reports, including a copy of a page from the arresting officer's memo book reporting that, prior to the videotape statement, the defendant made the oral statement, "I raped [the complainant], I'm guilty".

Over two months after the defendant's arraignment, the People served a second VDF in which they indicated that they intended to offer at trial both the videotape and the oral statement contained in the memo book. This second notice was apparently served in response to the defendant's omnibus motion in which he moved to suppress the videotape, but did not mention the memobook entry. At the *Huntley* hearing, the defendant moved to preclude the memo book statement solely on the ground that he had not been given timely notice pursuant to CPL 710.30. The hearing court denied the motion to preclude, holding that the initial VDF, which was served on the date of arraignment, contained the statement and thus constituted notice of the existence of the statement. The statement was subsequently admitted at the trial. That was error.

The timing, notice, and "good cause" requirements of CPL 710.30 have all been strictly construed by the Court of Appeals *(see, People v Boughton,* 70 NY2d 854; *People v McMullin,* 70 NY2d 855; *People v O'Doherty,* 70 NY2d 479). In particular, CPL 710.30 (1) provides in pertinent part that, "[w]henever the people intend to offer at trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion * * * *they must serve upon the defendant notice of such intention, specifying the evidence intended to be offered"* (emphasis added). A review of the first VDF demonstrates that the People only specified their intent to offer the videotape at trial. Although the memo book entry annexed to the VDF informed the defendant of the existence of the oral statement, the VDF did not notify him that the People intended to offer that statement on their direct case. Therefore, the notice contained in the initial VDF was ineffective with respect to the oral statement *(cf., People v Boughton, supra).*

Furthermore, the People never attempted to establish good cause for the delay in notifying the defendant of their intent to offer the memo book statement at the trial (CPL 710.30 [2]). The fact that the defendant may not have been prejudiced by the delay is of no moment since the Court of Appeals has held that "[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve late notice" *(People v O'Doherty, supra,* at 481; *People v McMullin, supra,* at 856). Finally, there is no indication that the defendant waived his right to preclude the statement made to the officer. The waiver exception does not apply in a case such as this when the defendant clearly moved initially to preclude and lost *(see, People v Bernier,* 73 NY2d 1006, 1008; *People v Weinstein,* 140 AD2d 731). Accordingly, the statement should have been excluded.

The error in admitting this statement cannot be said to be harmless since the crucial issue at trial was whether the sexual relations between the complainant and the defendant were consensual, and since the videotape was suppressed on other grounds.

We have reviewed the defendant's remaining contentions and find them to be without merit *(see,* Penal Law §§ 255.15, 255.20; *People v Morgan,* 171 AD2d 698). Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.