■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SANTANA, Appellant. [594 NYS2d 189] —Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered December 5, 1990, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years for the first degree convictions and 4 to 8 years for the second degree convictions, unanimously affirmed.

The evidence at trial established that four men descended on complainants Guzman and Balbuena as they were about to enter their apartment building. Guzman positively identified defendant as the man holding a knife to his neck while a cohort took money from his pockets; simultaneously, the other two robbers forcibly took money from Balbuena. Viewing the evidence as we must in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we reject defendant's contention that the proof of guilt was insufficient with respect to the Balbuena robbery, the evidence of the four robbers simultaneously descending on the two victims having provided a reasonable basis for the jury to conclude that they were acting in concert.

We also reject defendant's contention that the oral notice he received at his arraignment on the felony complaint of a prior photographic identification was insufficient to comply with CPL 710.30. Such notice comported with the purpose of the statute to allow a defendant an opportunity to challenge identification procedures at a *Wade* hearing *(People v White,* 73 NY2d 468, 474-475, *cert denied* 493 US 859). There was a *Wade* hearing conducted in this case wherein the issue of the photographic identification was fully explored, Balbuena's in-court identification of defendant was precluded, and Guzman's in-court identification of defendant was ruled admissible.

While written notice of the prior photographic identification

would have been preferable, the statute does not specifically require that the notice be written, and oral notice under CPL 710.30 has been held sufficient *(see, People v Slater,* 166 AD2d 828, *lv denied* 76 NY2d 1024; *People v Dempsey,* 154 Misc 2d 1001).* We note in this regard that the predecessor statute under the Code of Criminal Procedure (§ 813-f) specified that the People were required to give "written notice" *(see, People v O'Doherty,* 70 NY2d 479, 484; *People v Harris,* 25 NY2d 175, 177). The omission of the word "written" in the present statute, surely not an insignificant term, suggests that the change was intentional. We further observe that in many other sections of the Criminal Procedure Law dealing with motion and discovery practice and other proceedings, the Legislature has explicitly included a writing requirement in the text of the statute *(see, e.g.,* CPL 195.20, 210.45 [1]; 240.10 [1]; 255.20 [2]; 320.10 [2]; 330.40 [2] [a]; 440.30 [1]; 570.08, 570.50, 710.60 [1]).

*People v Phillips* (183 AD2d 856, *lv denied* 80 NY2d 908), upon which defendant places great reliance, is readily distinguishable. In *Phillips,* the defendant was timely advised that the People intended to offer into evidence a videotaped statement made by him, but he was not advised that the People also intended to offer an oral confession. The People did not give notice of their intention to offer his oral confession into evidence until two months after his arraignment, and the defendant did not move to suppress the oral confession on the merits, although he knew of its existence. The Appellate Division, Second Department, strictly applied the timing, notice, and good cause for late notice requirements contained in CPL 710.30 despite there having been no prejudice to the defendant arising out of the late notice.

The holding in *Phillips (supra)* is not applicable to the case now before us because notice of the photographic identification was timely given at defendant's arraignment. The People were not required to notify defendant that they intended to introduce the photographic identification into evidence because they had no such intention, as it is well settled that such evidence is inadmissible *(People v Lindsay,* 42 NY2d 9, 12). In any event the defendant, with knowledge of the photographic identification, moved to suppress the complainants' in-court identification at a full *Wade* hearing, and Guzman's in-court identification was ruled admissible. Thus any defect in the People's CPL 710.30 notice, assuming we were to find the notice defective, would not operate to preclude Guzman's testimony as provided in subdivision (3) of CPL 710.30 *(cf.,*

*People v St. Martine,* 160 AD2d 35, 40, *lv denied* 76 NY2d 990).

We find no error with regard to the trial court's permitting testimony that the police canvassed the area looking for the robbers, or testimony concerning how the defendant was arrested *(see, People v Steele,* 162 AD2d 128, *lv denied* 76 NY2d 866; *People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964). Finally, we reject defendant's claim that the sentence imposed was excessive. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.