■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HINES, Appellant. [606 NYS2d 748] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (L. Priscilla Hall, J.), rendered May 15, 1991, convicting him of assault in the second degree, grand larceny in the fourth degree (two counts), assault in the third degree, and aggravated harassment under Indictment No. 6166/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Goldman, J.), rendered May 29, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated the conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of robbery in the first degree under Indictment No. 5897/89.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered; and it is further,

Ordered that the amended judgment is reversed, on the law, and the matter is remitted for further proceedings on the issue of the defendant's violation of probation.

The defendant contends that the Supreme Court erred by denying his motion to preclude the identification testimony of Juan Malpica, one of the two complainants herein, because the People failed to supply him with timely notice pursuant to CPL 710.30. We agree.

The People had originally supplied the defendant with timely notice of the photographic identification by Malpica. However, in opposition to that branch of the defendant's omnibus motion requesting suppression of Malpica's identification or a *Wade* hearing, the People stated, "Juan Malpica did not make an out-of-court identification; therefore, no hearing is warranted." Thus, the People withdrew, albeit mistakenly, their timely-served notice, which then became ineffective *(see, People v Boughton,* 70 NY2d 854).

Prior to the commencement of the *Wade* hearing, the prosecutor informed the court and defense counsel that Juan Malpica had, in fact, made a photographic identification of the defendant and that the People's answer to the defendant's omnibus motion had been erroneous. Although CPL 710.30 permits the service of a late notice for good cause shown, here, the People offered no good cause for the delay in supplying notice, and mere neglect or confusion on the part of the prosecution is no excuse *(see, People v O'Doherty,* 70 NY2d 479, 486-488; *People v Lubarska,* 143 AD2d 1048, 1049). Additionally, lack of prejudice to the defendant does not obviate the requirement that the People show good cause before they may be permitted to serve late notice *(see, People v O'Doherty, supra,* at 481; *People v McMullin,* 70 NY2d 855, 856; *People v Phillips,* 183 AD2d 856, 858). Thus, it was error for the Supreme Court to deny the defendant's motion to preclude the identification testimony of Juan Malpica.

This error cannot be considered harmless when, as here, the identification of the defendant was the sole issue at trial, the defendant presented an alibi defense, and the only other evidence connecting the defendant to the crime was the identification testimony of the other complainant, Jose Aviles, who had been severely beaten at the time of the incident.

Finally, in light of our determination, since the amended

judgment under Indictment No. 5897/89 was predicated, at least in part, on the defendant's conviction under Indictment No. 6166/90, we find that the amended judgment must be reversed, the finding that the defendant had violated the conditions of his probation under Indictment No. 5897/89 vacated (see, *People v Reed,* 186 AD2d 159; *People v Bradford,* 162 AD2d 457), and further proceedings held on that issue. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.