*955 OPINION OF THE COURT
Ralph T. Gazzillo, J.
After a collision between his vehicle and another, the defendant was accused of the misdemeanor operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3). While a number of issues were combined for a hearing and determination, they were resolved in one, omnibus, decision. The instant decision addresses but one issue, viz., the admissibility of a statement that he made whereby he admitted the consumption of an alcoholic beverage, specifically, that he had "had a couple of Colt 45V\ That prearrest statement was initially given to the arresting officer at the scene during a routine portion of the accident’s investigation. While the Huntley aspect of the statement’s admissibility was resolved in the prosecution’s favor, a remaining and more intriguing issue arises from the fact that while the statement is contained within the narrative portion of the misdemeanor information as well as within the "Alcoholic/Drug Influence Report” (hereinafter AIR) it is not contained — verbatim nor in sum nor substance — on the face of the CPL 710.30 statement. The question presented, therefore, is whether that omission is fatal to the statement’s admission.
With respect to this issue, however, neither the court nor counsel for either side has found case or statute which is singularly and sufficiently controlling so as to supply a simple resolution to the issue. The analysis, therefore, begins with the facts, specifically the preprinted CPL 710.30 notice form supplied by the People, which begins as follows:
"please take notice that the People intend to offer at a trial of the above entitled action [check appropriate boxes]:
"[ ] Evidence of oral statement(s) made by the Defendant to a public servant(s) the sum and substance of statement(s) is hereby set forth as follows.”
That "box” is checked and the following typewritten information is added:
"See AIR attached. Defendant stated he was driving the 1976 Ford involved in the motor vehicle accident at Mastic Rd & Riverside Dr., Mastic.” (Emphasis supplied.)
With respect to the AIR, that form and the handwritten inserted matter indicate that the defendant admitted operating the vehicle, where he was coming from and his destination, a number of other questions and answers and, in response to the following preprinted questions, the following *956 answers which were handwritten by the officer: "Have you been drinking alcoholic beverages? Yes. If so, what? 3 beers 45 Colt.” Similarly, the misdemeanor complaint also includes a specific reference to the statement.
Focusing on the respective attorneys’ arguments, the prosecutor initially and essentially urges that the statement is admissible since the narrative portion of the accusatory instrument bears the statement and the defense, therefore, had sufficient notice so as to anticipate its inclusion as a part of the People’s case-in-chief. Similar arguments have, however, been rejected. (See, People v Ziskin, 158 Misc 2d 447 [Crim Ct, NY County 1993].) The People also suggest that the statement is "pedigree” and, following the rule in such cases (see, People v Miller, 123 AD2d 721 [2d Dept 1986]), they further contend that the statement is not subject to a CPL 710.30 notice. The court, of course, agrees with the referenced rule; nonetheless, it does not find the rule controlling as the statement is not within the embrace of the definition of "pedigree”. (See, Richardson, Evidence § 319, at 294 [Prince 10th ed]; cf., People v Hester, 161 AD2d 665 [2d Dept 1990] [pedigree exception limited to those admissions and answers necessary to process a defendant’s arrest or to provide for his physical needs].)
Similarly, and with respect to the defense’s counterarguments, their thrust is not grounded upon a definitive and controlling case; rather, it primarily relies on People v O’Doherty (70 NY2d 479 [1987]) and the well-settled but general rule that prejudice — or a lack thereof — is not the determining factor. That case is not, of course, so multifaceted as to be a universal guide in any given fact pattern; moreover, when juxtaposed to the matter at bar, the court is disinclined to view that citation as either a sufficient or satisfying end to the analysis. While the defendant may have been "prejudiced” by anticipating that the statement would not be introduced on the People’s case-in-chief, the analysis of the facts of this matter as well as the evolution of the law in this area (addressed in more detail below) reveals that any such reliance was misplaced and somewhat less than reasonable. Again, and as with the prosecution’s arguments, the court declines to adopt the proffered rationale.
In view of this absence of appropriate and controlling authority, the analysis is perhaps best founded upon a review of a number of concepts, facts, and statutory law and these factors, individually and collectively, appear instructive and determinative.
*957 For example, and beginning with the concepts involved, an outline of the so-called "primary function” of a CPL 710.30 notice is found in People v Bennett (80 AD2d 68, 71 [3d Dept 1981], affd 56 NY2d 837 [1982]), where that function was delineated to be "to afford the defendant a reasonable time to contest the voluntariness of admissions in an orderly procedural fashion * * * it has been suggested that considerations of fair play are also advanced by the notice requirements for it allows the facts of the purported statement to be investigated before trial [citations omitted].” Somewhat more recently, it has been noted that "at a minimum” notice must be given of the " ' "sum and substance” ’ of a defendant’s oral statement and the person to whom it was given * * * Similarly, the People [are] required to attach a copy of defendant’s written statement” (People v Lopez, 194 AD2d 62, 64 [3d Dept 1993]). Belatedly, CPL 710.30 does not require the prosecution to furnish the defense with a verbatim report containing the complete oral statement in their 710.30 notice and it has been held that the purpose of the statute is served when the defendant is afforded the opportunity to challenge the statement’s admissibility. (People v LaPorte, 184 AD2d 803 [3d Dept 1992].) Stated otherwise, a notice containing the sum and substance of an alleged statement adequately provides the defendant with an opportunity to contest its voluntariness. (People v Holmes, 170 AD2d 534 [2d Dept 1991].)
Clearly, therefore, there can be no question that the defendant and his counsel had "notice” of the sum and substance of the statements; simultaneously, this also provided the defense with the earliest opportunity to both investigate the statement as well as to contest its admissibility.
In similar fashion, these facts also undermine the defendant’s claim of prejudice and the related question of whether he unreasonably relied upon the omission of the statement from the CPL 710.30 notice. Moreover, any such claims cannot be easily harmonized with the evolving law in this area, especially some of the decisions which have been issued in the relatively short history and limited progeny of People v O'Doherty (supra). For example, in People v Schoendorf (148 Misc 2d 76 [Sup Ct, Suffolk County 1989]), an essentially blank CPL 710.30 notice, when coupled with the People’s oral and recorded articulation of the statement during the defendant’s arraignment, was held sufficient notice so as to defeat the defendant’s motion to preclude the statement’s admissibility. In People v Black (177 AD2d 1040 [4th Dept 1991]), the *958 People’s CPL 710.30 notice merely indicated "See attached complaint”; although that complaint did not contain the statement it was included in a packet of discovery material voluntarily provided to the defense. Nonetheless, the appellate court held the statement to be admissible; additionally, that court further specified that "when the defense counsel discovered that the statement was not attached to the CPL 710.30 notice, he should have immediately informed the People or the court to correct that deficiency.” (177 AD2d, at 1040-1041, citing People v Manzi, 162 AD2d 955, 956 [4th Dept], lv denied 76 NY2d 894 [1990].) Even more recently, in People v Holley (157 Misc 2d 402 [Crim Ct, NY County 1993]), the People had provided the defendant with a copy of his intoxicated drivers examination (IDE)[1] and a CPL 710.30 notice which contained some statements but did not contain any reference to the IDE. That court held that "[s]ince the People had not included the IDE statements in their CPL 710.30 notice, defense counsel * * * had every right to assume that the People did not plan to use these statements on their direct case.” (People v Holley, supra, 157 Misc 2d, at 404.) By logical extension, it appears that the converse should also apply.
Lastly remains the "black-letter” law. Although CPL 710.30 and its various subdivisions contain certain procedural aspects of the "notice” requirements, its third and final subdivision expressly permits the offer of a defendant’s statement during trial, "despite the lack of such notice, [where he has] moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible” (CPL 710.30 [3]). Again returning to the matter at bar, the statement, as well as its surrounding circumstances, were exposed and explored during the hearing, subsequently subjected to unbridled argument and dissection, followed by legal research and analysis. Indeed, the defendant’s posthearing memorandum of law is subdivided into the review of but four issues, the second of which is solely directed to addressing "whether the alleged admission of drinking alcohol was given voluntarily by the defendant”. Based on this record, the undersigned is, therefore, disinclined to embrace a finding that the defendant has not moved to suppress the statement.[2]
*959 In summary, and as a consequence of these concepts, facts, and law, the undersigned is convinced that the prosecution’s CPL 710.30 notice, while obviously not satisfactory to the defense, does satisfy the law as well as its purpose. The statement is, therefore, admissible.

. Apparently a New York City police form which is analogous to the Suffolk County police’s AIR.

. It should also be noted that the court’s file does not contain any written pretrial motions, either seeking to preclude that statement on its *959 face or grounded upon the alleged insufficiency of the CPL 710.30 notice. (Compare, People v Amparo, 73 NY2d 728 [1988] [pretrial motion for statement’s preclusion based upon notice grounds], with People v Holmes, 170 AD2d 534 [2d Dept 1991] [motion for statement’s suppression based on other grounds].)