OPINION OF THE COURT
Harold J. Rothwax, J.
Relying solely on the information contained in the notice portions of the voluntary disclosure form (hereinafter VDF) served at the defendant’s arraignment on the indictment, the defendant moved to preclude, for lack of adequately specific CPL 710.30 notice, the two statements made by the defendant and the identifications made by the complaining witness and by several police officers who witnessed the assault and attempted robbery. If preclusion was not granted, the defendant *174 requested Wade and Huntley hearings regarding every statement and identification. Following the People’s written response and oral argument, the motion for preclusion was denied in its entirety and hearings were granted as to the statements and the showup identification by the complainant. The hearing was denied as to the confirmatory identifications by the police officer witnesses.* This opinion explains the ruling of the court.
On January 4, 1995, at the defendant’s arraignment on the felony complaint, the prosecution gave oral notice of its intent to use two statements that the defendant had made: one at 10:40 p.m. on January 3, 1995, in which the defendant stated that he "was coming from Church” and that the police "were always stopping him for this kind of stuff;” and an audiotaped statement in which the defendant denied the crime. The prosecution also gave oral notice that the complainant had observed the defendant in a showup at Beth Israel Hospital at 11:20 p.m. and had stated that the defendant "looks like the guy.” The prosecution further stated that three police officers, who were together in a car, had observed the defendant slashing at the complainant and then grabbing the complainant’s bag.
At his June 15, 1995 arraignment on the indictment, the defendant was served with the VDF. The first page of the VDF, just above the statement and identification notice portions, stated that the crime was committed on January 3, 1995 at 10:30 p.m. in front of 231 East 14th Street and that the arrest occurred at 10:45 p.m. on January 3, 1995, in front of 309 East 10th Street. The VDF described the two statements made by the defendant: an oral statement made to Police Officer William Brady on January 3, 1995, at 10:40 p.m. and its substance; and a statement made on January 4, 1995, at the District Attorney’s office complaint room to a named Assistant District Attorney (ADA), and the substance of that statement. The identification notice portion of the VDF stated that on January 3, 1995 at Beth Israel Hospital, "Hospitalized complainant had opportunity to observe defendant and stated that defendant, in substance, 'looks like the guy.’ In addition, several police eyewitnesses did identify defendant at hospital.”
On June 28, 1995, 13 days after the defendant’s June 15, 1995 arraignment on the indictment, the case was conferenced *175 at the Bench and. the prosecutor read the trial assistant’s writeup on the case (hereinafter the 161 form) to the court and defense counsel. The 161 form included the information that the complainant was taken to the hospital for medical treatment and concluded: "When police bring D to hospital for show-up later that night, CW states, in substance, that D 'looks like’ the man who attacked him. At least 3 different police EWs state that they are certain that D is the man they observed attack CW.”
The "central purpose” of the notice provisions of CPL 710.30 is to provide a defendant with adequate notice of statements and pretrial identifications so as to permit the defendant a meaningful opportunity to challenge the evidence at issue. (See, People v O’Doherty, 70 NY2d 479, 488 [1987].) The notice statute mandates that, whenever the People intend to use at trial statements a defendant has made to a public servant or identification testimony by a person who previously identified the defendant at a police-arranged identification proceeding, the People "must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” (CPL 710.30 [1].)
To be timely, the statutory notice must be provided within 15 days following the defendant’s arraignment, with two very narrow exceptions, neither of which is applicable to this case. (CPL 710.30 [2], [3].) The time limit was designed to serve "the orderly, swift and efficient determination of pretrial motions.” (People v O’Doherty, 70 NY2d, at 488, supra.) The requirement of timely notice is strictly enforced. The "good cause” required for late service of notice cannot be established by " 'lack of continuity’ or other office failure” (People v Briggs, 38 NY2d 319, 321 [1975]), "mere neglect” (People v Boughton, 70 NY2d 854, 855 [1987]), failure by the police to report the statement or identification to the prosecution (People v O’Doherty, 70 NY2d, at 485-486, supra; People v Spruill, 47 NY2d 869 [1979]), or lack of prejudice to the defendant. (People v McMullin, 70 NY2d 855, 856-857 [1987]; People v O’Doherty, 70 NY2d, at 481, 486-487, supra). The penalty for failing to give adequate notice within the 15-day period is preclusion of the evidence which should have been noticed. (CPL 710.30 [3].) Due to the time limits in the notice statute, deficiencies in the notice given by the prosecution cannot be remedied by discovery practice taking place outside of the 15-day period following arraignment. (People v Lopez, 84 NY2d 425, 428-429 [1994]; People v Kahley, 214 AD2d 960 [4th Dept 1995].)
*176 Although the degree of specificity required is not defined by the statute, a "blank notice,” which tracks the language of the statute and states only that a statement or an identification will be introduced at trial, is insufficient to meet the statute’s "specificity” requirement. (People v Lopez; 84 NY2d, at 425, supra.) In Lopez, the Court of Appeals ruled that, for the notice to be sufficiently specific, "[t]he People were required to inform defendant of the time and place the oral or written statements were made and of the sum and substance of those statements * * * Full copies of the statements need not be supplied but they must be described sufficiently so that defendant can intelligently identify them. Similarly, the People were also required to inform defendant of the time, place and manner in which the identification was made.” (84 NY2d, at 428, supra [citations omitted].) Lopez cannot be read, however, to require the reviewing court to ignore the written information provided to the defendant in the same document which contains the formal "notice” statements or to ignore notice given either before the arraignment on the indictment or within the 15-day window following the arraignment. A contrary interpretation would cause the ridiculous consequence of preclusion of an identification or statement even though the defendant actually received the specific notice to which he was entitled, merely because the details were not provided in a particular format labeled "statement notice” or "identification notice.”
Neither the notice statute nor any court has mandated a precise format in which the notice must be written in order to be valid. To the contrary, courts have ruled that the notice may be oral (People v Santana, 191 AD2d 174, 174-175 [1st Dept 1993]; People v Slater, 166 AD2d 828, 829 [3d Dept 1990]), and may be given before the arraignment on the indictment. (People v Santana, 191 AD2d, at 174-175, supra; People v Penasso, 142 AD2d 691 [2d Dept 1988].) Nor is there a requirement that the notice form be complete in itself. Notices have been found sufficient where the specifying details are provided by written material attached to the notice form, rather than in the notice itself (People v Reed, 84 NY2d 945 [1995]; People v Lucas, 161 Misc 2d 954 [Crim Ct, Suffolk County 1994]), or by information provided orally. (People v Slater, 166 AD2d, at 829, supra.)
So long as the intent to utilize the statement or identification at trial is clearly stated and the notice given is not misleading as to the number or specification of the statements or identification procedures to which it refers, the notice is *177 generally sufficient, even if not complete in every detail. For example, identification notice was sufficient where it stated the type of procedure and the fact that multiple persons made an identification but did not name the identifying witnesses. (People v Sang Bae, 164 Misc 2d 669, 671 [Sup Ct, Queens County 1995]; People v Mena, 155 Misc 2d 463 [Sup Ct, Bronx County 1992].) These notices were held not to be misleading because, by informing the defendant of the type and location of the identification and the fact that it involved multiple witnesses, the notices had provided each defendant with adequate information to enable him to intelligently request a hearing on the admissibility of the identification proceedings.
By contrast, where the notice stated only that a single witness had identified the defendant, the notice was found insufficient to inform the defendant that the prosecution intended to introduce the prior identifications by several witnesses. (People v Cox, 161 Misc 2d 1011 [Sup Ct, Queens County 1994].) Similarly, with respect to statement notice, merely providing the defendant with a copy of a statement, without also stating the intent to utilize that particular statement at trial is not sufficient; the defendant must be. informed of both the intent to utilize each statement at trial, the statement’s substance, and information to identify when and where the statement was made. (People v Phillips, 183 AD2d 856 [2d Dept 1992].)
Where the notice is otherwise correct and not misleading, minor mistakes can be corrected by amending the notice, even after the notice period has run. (People v Canute, 190 AD2d 745 [2d Dept 1993] [notice that identification was a showup could be amended to correctly state that it was a lineup]; People v Ocasio, 183 AD2d 921, 922-923 [2d Dept 1992] [identification notice giving name of wrong witness could be amended to identify the correct witness].) It is only when the notice is so erroneous as to mislead the defendant into understanding that the noticed identification procedure or statement was an entirely different procedure or statement than the one that the People actually seek to utilize that the errors cannot be corrected by amendment. (See, People v Greene, 163 Misc 2d 187 [Sup Ct, Kings County 1994] [notice that identification took place at wrong time and place could not be cured by amendment because it was so defective as to constitute notice of an entirely different identification procedure].)
 In this case, the claimed deficiencies in the formal notice provisions of the VDF are very minor. The defendant argues that the notice in the VDF regarding the first state *178 ment, which states the date, time, person to whom made, and the type and substance of the statement is inadequate because it does not include the exact location at which the statement was made. He argues that the notice of the second statement is insufficient because it does not contain the exact time at which the defendant made his audiotaped statement to a named ADA in the complaint room on the specified date. In this court’s opinion, the information provided sufficiently described the two statements so that the defendant intelligently could identify them and move for a hearing to challenge their admissibility at trial, thereby complying with CPL 710.30 (1) (a). As was ably stated by Judge Jasen in his dissenting opinion in People v Briggs (38 NY2d, at 328, supra), "[w]here a defendant has been given ample time [to prepare to challenge statements] and can assert no claim of other prejudice, it is gamesmanship of the highest order to set aside a conviction on the basis of, what is at worst, a technical defect” in compliance with the notice statute.
The prosecution’s intention to utilize the statements and identifications in this case was unambiguously communicated to the defendant throughout the controlling time period, and was never withdrawn. (Cf., People v Boughton, 70 NY2d, at 855, supra; People v Hines, 200 AD2d 634 [2d Dept 1994].) To the extent that the formal notice portions of the VDF lacked certain talismanic details, this court declines to read them in isolation: this opinion is based on the information actually made known to the defendant within the statutory time period. The information contained in the six-page VDF, of which the formal notices were a part, the oral notice provided at the arraignment on the felony complaint, and the 161 form provided 13 days after arraignment, was sufficient to meet the requirement that the People ''specify! ] the [statement or identification] evidence intended to be offered” (CPL 710.30 [1]) and included the specific information enumerated by the Court of Appeals in Lopez (supra).
The location at which the first statement was made can be determined by reading the VDF, which includes the facts that the officer to whom the statement was made was involved in the arrest, and that the arrest took place five minutes after the statement was made. This information was sufficient to apprise the defendant that he had made the statement at the arrest scene. Similarly, although the exact hour and minute at which the defendant made his audiotaped statement is not included in the VDF, the information identifying the date, location, and *179 ADA to whom the defendant made his audiotaped statement was sufficient to identify the time at which the statement was made. The time is limited to that period of January 4, 1995 during which the defendant was at the District Attorney’s complaint room and before he was taken to the court for arraignment. This information narrows the time of the statement to a period sufficiently short so as to permit the defendant meaningfully to identify the exact statement he is alleged to have made. There is, after all, no allegation that the defendant made more than one statement to an ADA while at the complaint room on January 4, 1995, which might give rise to a need for the prosecution to state the exact hour at which the statement was made.
Turning to the identification notice, the defendant argues that it is insufficiently specific both because it does not unambiguously state whether the identification procedure utilized in the emergency room of the hospital on the night of the assault was a lineup or a showup, and because the names and exact number of the police witnesses who also identified the defendant at the hospital were not specified. The People correctly respond that the type of identification procedure — a showup— was unambiguously stated to the defendant when the original notice of the identification procedure was given at the arraignment on the felony complaint. Moreover, this information was provided a second time, within 15 days after the arraignment on the indictment, when the 161 form was read to counsel at a bench conference. Thus, the prosecution provided timely and complete notice of the nature of the identification procedure and defendant’s complaint that he could not discern this information from the notice provisions of the VDF is without moment.
Were such notice necessary, this court would find that the notice as to the police witnesses who identified the defendant was also sufficiently specific. (See, People v Sang Bae, 164 Misc 2d, at 671, supra [notice stating date and type of identification procedure and the number of identifying witnesses was sufficient even though the witnesses were not identified by name].) However, although not every identification by a police officer is immune from suppression as suggestive or insulated from the notice provisions of CPL 710.30, the identifications in this case were clearly confirmatory identifications by trained police officers who had witnessed the defendant committing the crime approximately one hour earlier. (See, People v Newball, 76 NY2d 587 [1990]; People v Wharton, 74 NY2d 921 [1989].)
*180 The defendant argues that these identifications were not confirmatory because the officers were not undercover officers who had received detailed training on the observation and identification of suspects. Therefore, the defendant would have the officers’ identifications reviewed as though they were made by ordinary civilians with no training in law enforcement techniques. However, it is the type of identification procedure and not the job assignment of the identifying officer which determines whether a police officer identification is confirmatory. Just as there is no blanket rule that all police officer identifications are confirmatory, there is no rule that only identifications by undercover officers can be confirmatory. Police officer identifications in cases involving many different crimes have been determined to be confirmatory and, therefore, not subject to statutory notice or suppression hearings. (See, People v Dueño, 203 AD2d 476 [2d Dept 1994] [burglary and petit larceny]; People v Smith, 198 AD2d 187 [1st Dept 1993] [attempted murder, weapon possession, drug possession]; People v Williams, 191 AD2d 527 [2d Dept 1993] [robbery]; People v Jackson, 167 AD2d 420 [2d Dept 1990] [grand larceny, possession of stolen property]; People v Duffy, 152 AD2d 704 [2d Dept 1989] [grand larceny, possession of stolen property]; People v Snow, 128 AD2d 564 [2d Dept 1987] [burglary].) This interpretation comports with the defining factors of a "confirmatory identification” as described by the Court of Appeals — that the identification constitute the "completion of an integral police procedure” made by trained officers who are aware that they will be called upon to make a subsequent identification and that there was no significant passage of time between the crime and the subsequent identification. (People v Newball, 76 NY2d, at 592, supra; People v Wharton, 74 NY2d, at 922-923, supra.)
In this case, the officers who had witnessed the assault and attempted robbery observed the defendant at the hospital a little more than an hour after they had observed him commit the crime. Although all of the officers had chased after the defendant, they had each lost sight of the defendant during the chase and were identifying him for the purpose of ascertaining that the correct man had been arrested. There is, therefore, no reason to treat these identifications any differently than the confirmatory station house showup identification by the undercover officer in Wharton (supra), made three hours after the crime. (See also, People v Sims, 201 AD2d 516 [2d Dept 1994] [identification made four days after cocaine sale was confirmatory]; People v Hunter, 173 AD2d 321 [1st Dept 1991] *181 [observation of defendant on street one week after drug sale was not police-arranged identification and was not a significant passage of time requiring a Wade hearing].) While the People provided notice of the identifications in the VDF, that notice was not required. The giving of surplus notice creates neither the right to a suppression hearing nor the right to preclude the introduction of confirmatory identifications for insufficiently specific notice. (See, People v Allen, 162 AD2d 538 [2d Dept], Iv denied 76 NY2d 851 [1990].)
Although this court has denied the defendant’s motion to preclude due to the argued deficiencies in the notice portions of the VDF, this problem could have been avoided had the prosecutor who prepared the VDF merely paid a little attention to detail and to the requirements of the notice statute and the case law. This VDF was served and filed in June 1995, nearly six months after the Court of Appeals in Lopez (supra) had enunciated a clear and simple set of requirements for adequate specificity in such notices. The prosecutor who prepared the VDF was in possession of all of the information omitted from its notice provisions. It is, therefore, inexplicable that the prosecutor failed to list that information in the VDF in a clear and concise manner. While it does not serve the search for justice to preclude evidence in a case merely because the prosecutor was inattentive, preclusion is the only permissible remedy under the Criminal Procedure Law for insufficient notice. Preclusion of critical evidence, without which the People may not be able to prove their case, is the very real risk a prosecutor takes by not expending the small amount of time necessary to carefully and correctly prepare the notices.
The wisdom of this statute is another matter entirely.

 Following the decision on the motion, the People withdrew their statement notice. The showup identification was ruled admissible at the completion of the hearing. The defendant was convicted of attempted assault in the first degree after a jury trial.