OPINION OF THE COURT
Ann E. Pfeiffer, J.
*924 Defendant is charged with petit larceny arising from an incident that occurred on February 24, 1996. Defendant has moved for preclusion of his statement and identification testimony, arguing that the People have failed to serve a timely notice of their intention to use such evidence as required by CPL 710.30. The People contend that they served such notice within the time limit delineated by CPL article 710. The facts are undisputed.
On February 27, 1996, defendant appeared before this court to be arraigned on the information. On that date, a financial assessment was completed revealing that defendant was indigent and, at the time of arraignment, the Monroe County Public Defender’s office was assigned to represent the defendant. A representative of the Public Defender’s office appeared with defendant in court at arraignment.
Within 15 days after arraignment, the People served defendant with a CPL 710.30 notice of their intention to introduce defendant’s written statement at trial. This notice was served by mailing it to defendant’s home address. A copy of the notice was not delivered to defense counsel at arraignment, nor was defense counsel mailed a copy of the notice that was mailed to defendant.
Defendant, in his omnibus motions, moved for an order precluding the use of his statement as well as any identification testimony, arguing that the People failed to timely serve a CPL 710.30 notice. Defendant attached to his motion papers a copy of the information, the last paragraph of which begins "Please take notice that the People intend to offer at the trial of the defendant(s):”, then includes two statements which may be checked off, one referring to evidence of a statement made by the defendant, the other referring to evidence relating to an identification of the defendant. Neither of these statements were checked off on the copy of the information attached to defendant’s motion papers. Defendant also attached to his motion papers a copy of a written statement allegedly made by him to a Rochester police officer.
The People, in their responding affirmation, argue that they do not intend to introduce any identification evidence at trial, and further, that although they believe defendant’s statement to be admissible, they do not oppose a Huntley hearing on this issue. Their responding affirmation does not address defendant’s motion for preclusion.
At oral argument of the motions, defense counsel argued that he was never served with a copy of the CPL 710.30 notice, *925 either personally at the time of arraignment, or by mail within 15 days following arraignment. The People argued that their CPL 710.30 notice was served within 15 days of the date of arraignment by mailing it to the defendant’s home address; they did not allege that a copy was either delivered or mailed to defense counsel. Defendant argues that the People may not personally serve him with a CPL 710.30 notice after he is represented by counsel, that such service is insufficient to satisfy the People’s statutory obligation, and that preclusion should therefore be granted. The People argue that service on the defendant personally resulted in actual notice, was therefore sufficient service, and preclusion should therefore be denied.
Where the People intend to introduce at trial evidence of a statement made by defendant to law enforcement officers, they must, no later than 15 days after arraignment, serve defendant with a notice of intention to use such evidence and, if they fail to serve timely notice or demonstrate good cause for untimely service, may not introduce such evidence in their case in chief (CPL 710.30; see, People v Degrijze, 194 AD2d 801, cert denied 82 NY2d 753). The question in this case is whether personal service on a defendant who is represented by counsel satisfies this notice requirement. For the reasons set forth below, this court holds that it does not.
There can be no question that when a party is represented by counsel in a pending action, papers to be served on the party must be served not upon the party directly, but upon the party’s attorney, in the absence of a law, court order, or agreement providing otherwise (CPLR 2103 [b]; Code of Professional Responsibility DR 7-104 [A] [1] [22 NYCRR 1200.35 (a) (1)]; see, Stagg v New York City Health & Hosps. Corp., 162 AD2d 595; 1136 E. Corp. v New York State Liq. Auth., 58 Misc 2d 217; see also, Niesig v Team I, 76 NY2d 363, 370; People v White, 115 AD2d 313; Nestlerrode v Federal Ins. Co., 66 AD2d 504, cert denied 48 NY2d 604; Fusco v City of Albany, 134 Misc 2d 98; People v Hall, 128 Misc 2d 7).
It is equally clear that where a defendant in a criminal matter is represented, law enforcement officials may not communicate directly with the defendant relating to the subject of that representation in defense counsel’s absence (see, e.g., People v Bing, 76 NY2d 331 [questioning of defendant]; People v Rogers, 48 NY2d 167 [same]; People v Hobson, 39 NY2d 479 [same]; People v Suarez, 167 Misc 2d 189 [service of supporting deposition on defendant]; People v Rossi, 154 Misc 2d 616 [same]).
*926 Only where a party has not appeared by counsel or the party’s attorney cannot be served is service of papers in a pending action on a party permitted (see, CPLR 2103 [c]). In light of the above, once counsel has appeared for a defendant in a criminal proceeding, the requirement of CPL 710.30 (1) that the People serve their notice of intention to introduce evidence upon "the defendant” must be read to require that such service be made not on defendant personally, but on defense counsel. Any other construction would sanction a procedure which is contrary to clearly expressed legislative intent, well-settled case law, and the plain language of Code of Professional Responsibility DR 7-104 (22 NYCRR 1200.35).
In this case, defendant appeared with counsel at arraignment. Thereafter, the People were required to serve any notices, including their CPL 710.30 notice, not on the defendant personally, but on defense counsel. The People concede that this was not done. Thus, service of the People’s CPL 710.30 notice on defendant personally did not satisfy the People’s notice obligation under CPL article 710.
Nor does the fact that defendant (and apparently defense counsel as well) received actual notice of the content of defendant’s statement provide defendant with the notification required by CPL 710.30; "[t]he crucial question is not whether defendant knew about the existence of the statement, but rather whether he knew that the People intended to introduce the statement on their direct case at trial” (People v Holley, 157 Misc 2d 402, 404). In this case, the People did not indicate on the information (although there was a space provided to do so) that they intended to introduce defendant’s statement at trial. This omission, coupled with the People’s failure to serve their subsequent CPL 710.30 notice on defendant’s counsel, could foster a reasonable, though mistaken, belief by defense counsel that the People did not intend to introduce defendant’s statement at the time of trial.* The uncertainty engendered by these actions frustrates the purpose of the notice required by CPL 710.30, namely, to unequivocally inform the defendant of which, if any, of the defendant’s statements the People intend to introduce at trial, thereby facilitating the "swift and ef *927 ficient” determination of any challenge by defendant to such evidence (People v Rodney, 85 NY2d 289, 291-292; People v Lopez, 84 NY2d 425).
Because defendant was not given sufficient, timely notice of the People’s intention to introduce his statement at trial, this case is distinguishable from those cases where, although the People’s CPL 710.30 notice was insufficient, defendant (and, more importantly, his counsel) received actual notice of (1) the content of defendant’s statement, and (2) the People’s intention to introduce that statement at trial (compare, People v Black, 177 AD2d 1040, cert denied 79 NY2d 853; People v Willsey, 148 AD2d 764; People v Lucas, 161 Misc 2d 954).
Since neither party has addressed whether there is good cause justifying late service of the People’s CPL 710.30 notice, the court does not reach that issue.
Defendant’s motion for an order of preclusion is granted.

 Defendant may not be faulted for failing to notify his counsel of the notice he received personally, since he has no duty to take steps to ameliorate the People’s improper method of service. Further, defendant may well have failed to appreciate the significance of the CPL 710.30 notice. This is precisely why, when a party is represented, it is counsel and not the party personally that must be served with papers relating to the pending litigation.