OPINION OF THE COURT
Thomas J. DiSalvo, J.
Facts of the Case
The defendant in this matter is charged with common-law driving while intoxicated, to wit: Vehicle and Traffic Law § 1192 (3). He was arrested on September 14, 2002 at approximately *267 12:48 a.m. after approaching a sobriety checkpoint on Route 104 eastbound near the Dewitt Road overpass, which was operated by the Webster Police Department. The defendant was subsequently taken to the Webster Police Department, where he eventually requested to speak to an attorney relative to the issue of taking the breath test. Mr. Sears reportedly attempted to contact a number of attorneys on the telephone, but was unable to do so. However, eventually, Mr. Corletta was contacted. Mr. Corletta advised the defendant not to take the breath test and requested that Officer Korherr not ask the defendant any further questions. The defendant was then arraigned in Webster Town Court at approximately 3:35 a.m. that same morning. Bail was set in the amount of $1,000 cash or $2,500 bond. The matter was adjourned for appearance of counsel. Mr. Sears did not appear in court with his attorney until November 20, 2002. The assistant district attorney assigned to the Town of Webster, not Ms. Bogardis, sent a “Discovery Package” with the CPL 710.30 notice to the defendant at his residence address on September 26, 2002. The assistant district attorney sent an additional “Discovery Package” with the 710.30 notice to defense counsel after he appeared in Webster Town Court on November 20, 2002.
Defense counsel filed omnibus motions with the court subsequent to the November 20th court appearance. Those motions, inter alia, raised the issue of whether or not the “710.30 notice,” advising of statements made by the defendant that the People intend to use at trial, was properly served. The defendant alleges that because he consulted with an attorney while in custody of the Webster Police, the People were put on notice that he was being represented by an attorney. As a result, the defense contends that service of the 710.30 notice on the defendant instead of his attorney within 15 days of the arraignment was ineffective, because said notice should have been served on Mr. Corletta. Likewise the defense argues that subsequent service on defense counsel of said notice on November 20, 2002, which was the date Mr. Corletta first appeared in Webster Town Court, was also ineffective as being more than 15 days after the arraignment. As a result, the defense requests that the court preclude use of any statements set out in said 710.30 notice.
CPL 710.30 (1) states in pertinent part as follows:
“Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily *268 made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
CPL 710.30 (2) states as follows:
“Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice, thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.”
Issues Presented
It is certainly well established that once an attorney appears in a criminal matter on behalf of a defendant the prosecution cannot communicate directly with a defendant. Nor could the prosecution deal directly with a defendant once they have been put on notice that the defendant is represented by an attorney. (People v Brown, 168 Misc 2d 923 [1996].) The facts of this case raise two issues. First, did the attorney make an appearance in this case when he advised the defendant over the telephone not to take the breath test? Second, was the prosecution put on notice that the defendant was represented by an attorney?
Conclusions of Law
The defendant was arraigned in the middle of the night, to wit: approximately 3:35 a.m. The attorney never appeared at that arraignment, nor did he speak to the court at the time of the arraignment over the telephone to advise the court of his representation either on a provisional or permanent basis. The defense counsel made his first appearance in this court on November 20, 2002. Between the date of arraignment on September 14, 2002 and the date of counsel’s first appearance in court on November 20, 2002, no letter of representation was sent to the court advising that he, Mr. Corletta, had been retained by the defendant. In fact, neither counsel’s omnibus motions, nor his letter brief of February 24, 2003, contend that he had advised the court or the district attorney’s office as to his being retained in this matter, prior to appearing in court on November 20, 2002.
*269 The fact that the defendant consulted with defense counsel on the morning of the arraignment over the phone while at the Webster Police Department, does not for purposes of serving a CPL 710.30 notice mean that said attorney made an appearance in this matter. Nor does the fact that the district attorney was advised that said consultation had been made, put the People on notice that the defendant had retained said attorney in this matter. The defendant could very well have retained another attorney prior to his first court appearance. In fact, it would not be out of the realm of possibility for the defendant to appear without counsel on his first court appearance, wherein he could ask for an adjournment to retain counsel or request that the court appoint counsel for him.
The defense’s reliance on People v Brown (168 Misc 2d 923 [1996]) is misplaced. In that case, the defendant appeared at the arraignment with his attorney, i.e., an assistant public defender. Nevertheless, the People served the CPL 710.30 notice on the defendant by mailing same to his personal residence, instead of mailing same to his attorney. (People v Brown at 923.) In this case no such appearance by defense counsel was made either at the arraignment or prior to the mailing of the CPL 710.30 notice to the defendant’s residence address. Nor were the People put on notice of counsel’s representation, merely by the fact that the defendant consulted him at the time of his arrest relative to the taking of the breath test.
Therefore, the defendant’s motion to preclude the use of statements set out in said CPL 710.30 notice is hereby denied. Defense counsel’s request for a probable cause hearing is hereby granted.