# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

596

KA 12-00532

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDREA RASZL, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MARK MOODY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 30, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of incarceration imposed to a definite sentence of seven months incarceration and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal possession of stolen property in the third degree (Penal Law § 165.50), and sentencing her to an indeterminate term of incarceration of 2a to 7 years. As the People correctly concede, the sentence imposed is unduly harsh and severe, but we reject defendant's contention that probation would now be an illegal disposition (*see generally People v Becker*, 71 AD3d 1372, 1372). As a matter of discretion in the interest of justice, however, we modify the judgment of conviction by reducing the sentence imposed to a definite sentence of seven months incarceration (*see* CPL 470.15 [6] [b]; Penal Law § 70.00 [4]).

Contrary to defendant's further contention, the conviction of criminal possession of stolen property in the third degree is supported by legally sufficient evidence that the value of the stolen property exceeded $3,000 (*see generally* Penal Law § 165.50; *People v Bleakley*, 69 NY2d 490, 495). The value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). We conclude that the record establishes that "the jury

ha[d] a reasonable basis for inferring, rather than speculating, that the value of the [stolen] property exceeded the statutory threshold" of $3,000 (*People v Pallagi*, 91 AD3d 1266, 1270 [internal quotation marks omitted]). Finally, defendant contends that defense counsel was ineffective because he failed to challenge the adequacy of the CPL 710.30 notice. We reject that contention. "It is well settled that '[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to "make a motion or argument that has little or no chance of success" ' " (*People v Johnson*, 81 AD3d 1428, 1428-1429, *lv denied* 16 NY3d 896, quoting *People v Caban*, 5 NY3d 143, 152). Here, the People filed a notice pursuant to CPL 710.30 indicating that a statement of defendant that was intended to be used at trial was attached to the notice, and there is no dispute that the written statement was attached thereto. Defendant was therefore furnished with notice that adequately set out the time and place and the sum and substance of her statement, and permitted her to intelligently identify it (*see generally People v Lopez*, 84 NY2d 425, 428; *People v Sumter*, 68 AD3d 1701, 1701, *lv denied* 14 NY3d 893). Thus, defense counsel's failure to move to preclude the statement on the ground of insufficient notice does not constitute ineffective assistance because such a motion would have had little or no chance of success (*see Caban*, 5 NY3d at 152).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court