OPINION OF THE COURT
Stephen T. Miller, J.
Defendant is charged with one count of criminal possession of a controlled substance in the seventh degree, and several vehicle and traffic violations. The charges arose out of a traffic stop conducted on April 27, 2013, in the City of Rochester, New York. According to pretrial hearing testimony, police officers initiated the stop when defendant failed to obey a traffic device. After defendant’s vehicle had been pulled over, one of the officers approached the car and shined a flashlight into the driver’s side front window. The officer observed a cigarette box on the floor of the driver’s side of the car. Protruding from the box was a glassine envelope containing a white powdery substance, and the substance later tested positive for cocaine.
In his omnibus motion, defendant is seeking preclusion of the use of any statements made by him on the ground that he was never served with a sufficient CPL 710.30 notice. The People claim that defendant was given proper notice in a form cover letter attached to 16 pages of discovery materials provided to defendant’s attorney. The pertinent portion of the cover letter read: “Enclosed please find the discoverable contents of my file pursuant to CPL § 240.20 .... You are hereby given notice pursuant to CPL § 710.30 of all statements made to and/or identification procedures performed by a public servant that are described in the attached materials.” Defendant argues that the form letter lacked the necessary specificity for a CPL 710.30 notice. Further, the letter stated that it was giving notice of all statements made to a public servant, etc., but it did not express an actual intent to use any of the statements against defendant at trial. Finally, defendant claims that it was difficult to discern from the discovery documents what qualified as a statement worthy of use at trial.
The purpose of CPL 710.30 is to provide a defendant with the opportunity to challenge any statements made by him, to a public servant, that the People intend to use against him at trial (see People v Lopez, 84 NY2d 425, 428 [1994]; People v O'Doherty, 70 NY2d 479, 484 [1987]). In order to meet this end, the statute requires the People to “serve upon the defendant a notice of such intention, specifying the evidence intended to be offered” *640 (CPL 710.30 [1]). The content of the notice should include “the time and place the oral or written statements were made and . . . the sum and substance of those statements” (People v Lopez, 84 NY2d at 428). “Full copies of the statements need not be supplied but they must be described sufficiently so that the defendant can intelligently identify them” (.People v Lopez, 84 NY2d at 428). Such notice must be given within 15 days from the date of arraignment (see CPL 710.30 [2]). The issue of whether the defendant is actually prejudiced by the defect is irrelevant (see People v Lopez, 84 NY2d at 428).
In this case, the People did not provide defendant with an actual CPL 710.30 notice form. Instead, a general reference to CPL 710.30 was made in a form cover letter accompanying documents disclosed by the People as part of voluntary discovery. While there is no specific format for a CPL 710.30 notice (see People v Santana, 191 AD2d 174, 174-175 [1993]; People v Centeno, 168 Misc 2d 172, 176 [1995]), it must unambiguously communicate the intention by the People to offer a statement made by defendant at trial (see People v Centeno, 168 Misc 2d 172, 177 [1995]). As defendant correctly notes, the letter did not specifically declare the People’s intention to use statements against defendant at trial. The letter did cite CPL 710.30, but it read more like a notification of the possible existence of statements, instead of a notice of an intention for their use. It appears that the inclusion of the catchall language in the voluntary disclosure form letter was an attempt to provide the People with a CPL 710.30 safety net. It was a form of insurance should they neglect to serve a proper CPL 710.30 notice. The problem is that the imprecise language in the letter missed the CPL 710.30 mark.
The cover letter was vague in another important respect: namely, it lacked the requisite specificity regarding the statements themselves. Absent from the letter was any mention of the place and time the statements were made, or their sum and substance (see People v Lopez, 84 NY2d at 428). The lack of detail regarding defendant’s statements is not necessarily fatal to a CPL 710.30 notice. Recently, in People v Raszl (108 AD3d 1049 [2013]), a defendant challenged the sufficiency of a CPL 710.30 notice form that indicated the statement of defendant that was to be used at trial was attached to the form. The notice provided no other information regarding the statement, but it was undisputed that defendant’s written statement was attached to the notice. The Fourth Department held that because *641 the statement itself was attached to the notice, defendant was adequately informed of its time, place and content (see People v Raszl, 108 AD3d at 1049). The present case is distinguishable from Raszl in two important respects. First, in Raszl, the defendant was given a formal CPL 710.30 notice form that gave actual notice of the People’s intention to use a statement at trial, as opposed to a poorly worded cover letter. Second, in Raszl, only the statement was attached to the notice, whereas in the present case, the People appended 16 pages of miscellaneous discovery materials. Under the Criminal Procedure Law, discovery and notice provisions are located in different statutes. Had lawmakers meant for the two practices to merge, they would have crafted the law to reflect this intention. As a practical matter, in this case, the People have taken it upon themselves to commingle the concepts of discovery and notice. This format forced defendant to sift through numerous attachments to locate any statements that could be used by the People at trial; as a result, CPL 710.30 notice practice turned into a scavenger hunt.
An earlier Fourth Department case also merits discussion. In People v Black (177 AD2d 1040 [1991]), defendant challenged the admission of his statement at trial. The CPL 710.30 notice indicated that the statement could be found in the “attached complaint” (People v Black, 177 AD2d at 1040). In fact, the statement was not present in the complaint, but had been previously provided to defendant in a discovery packet. Defense counsel admitted that he had received the statement and had been able to adequately prepare defendant’s case. The Court held that in light of counsel’s admission, and the fact that he failed to object to the adequacy of the notice in the court below, the admission of the statement was proper (see People v Black, 177 AD2d at 1040). Unlike Black, however, counsel in this case made a timely objection. Further, counsel has indicated that his ability to prepare defendant’s case has been hampered by inadequate CPL 710.30 notice.
While none of the problems with the People’s cover letter are, in and of themselves, sufficient to invalidate CPL 710.30 notice, the process adopted by the People, as a whole, is unacceptable. Allowing the People to continue with this practice would obviate the purpose of CPL 710.30, which is to provide defendant with adequate notice of evidence to be introduced against him at trial. This being said, the People contend that even if the court finds that the CPL 710.30 notice is inadequate, defendant *642 cannot succeed on this motion because he has waived his right to raise the issue pursuant to CPL 710.30 (3). CPL 710.30 (3) is relevant only if defendant moves to suppress his statements. Evidently, the People have misapprehended defendant’s motion papers. Nowhere in his omnibus motion does defendant request that his statements be suppressed; the only issue raised is preclusion. Consequently, CPL 710.30 (3) is inapplicable to this case. Accordingly, defendant’s motion for preclusion is hereby granted.